Tina Wolfson (SBN 174806)
Theodore W. Maya (SBN 223242)
Bradley K. King (SBN 274399)
AHDOOT & WOLFSON, PC
10728 Lindbrook Drive
Los Angeles, California 90024
Tel: (310) 474-9111
Fax: (310) 474-8585
twolfson@ahdootwolfson.com
tmaya@ahdootwolfson.com
bking@ahdootwolfson.com

Tiasha Palikovic*
J. Burkett McInturff*
WITTELS MCINTURFF PALIKOVIC
18 HALF MILE ROAD
ARMONK, NEW YORK 10504
Telephone: (914) 775-8862
Facsimile: (914) 273-2563
tpalikovic@wittelslaw.com
jbm@wittelslaw.com
(* admitted *pro hac vice*)

*Attorneys for Plaintiff Wood and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: STUBHUB REFUND LITIGATION<br><br>This Document Relates to All Cases | Case No. 4:20-md-02951-HSG<br><br>**PLAINTIFF STEPHANIE WOOD'S NOTICE OF MOTION AND MOTION TO APPOINT TINA WOLFSON AND TIASHA PALIKOVIC AS INTERIM CO-LEAD COUNSEL**<br><br>Hon. Haywood S. Gilliam, Jr., presiding |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, as soon as her counsel may be heard, in Courtroom 2 of the United States District Court for the Northern District of California, Ronald V. Dellums Federal Building & United States Courthouse, 1301 Clay Street, Oakland, California 94612, the Honorable Haywood S. Gilliam, Jr., presiding, Plaintiff Stephanie Wood will and hereby does move for an Order pursuant to Federal Rule of Civil Procedure 23(g) appointing Tina Wolfson of Ahdoot & Wolfson, PC and Tiasha Palikovic of Wittels McInturff Palikovic as Interim Co-Lead Counsel for Plaintiffs and the proposed class in the above-captioned matter.

This motion is based upon this Notice of Motion and Motion, the supporting Memorandum set forth below, the exhibits attached hereto, the pleadings and records on file in this Action, and other such matters and argument as the Court may consider at the hearing of this Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff Stephanie Wood respectfully requests that this Court appoint her counsel, Tina Wolfson of Ahdoot & Wolfson, PC and Tiasha Palikovic of Wittels McInturff Palikovic, as Interim Co-Lead Counsel for Plaintiffs and the proposed class.

## I. INTRODUCTION

Ms. Wolfson and Ms. Palikovic are best suited to lead the case on behalf of the purported class to a quick, efficient, and maximized relief. They thoroughly investigated and analyzed the merits of the case and offer the Court an efficient forward-facing strategy to expeditiously resolve this MDL. They have already developed the opposition to Defendant StubHub, Inc.'s ("StubHub") anticipated motion to compel arbitration of Plaintiffs' claims and have fleshed out the facts and drafted a motion for summary judgement to obtain public injunctive relief for the class, which can be filed promptly after appointment. The Court's rulings on these two issues, which can be heard concurrently, will effectively resolve this MDL and obtain the much needed relief for the class.

Ms. Wolfson's and Ms. Palikovic's teams also have repeatedly attempted to coordinate all counsel in this matter so as to avoid MDL proceedings and appurtenant delays to move the case forward on behalf of the class. Although their repeated efforts both prior and after the MDL ruling proved unsuccessful, Ms. Wolfson has worked with and is respected by all the applicants in the other matters, and she will build consensus among all plaintiffs' counsel. If the Court permits, and other firms' efforts are necessary to prosecute the case, Ms. Wolfson's familiarity with all the firms and their talents will allow her to allocate work in an efficient manner.

As set forth below, Ms. Wolfson and Ms. Palikovic have a combined 41 years of experience litigating class actions and the types of claims asserted in the action and have deep knowledge of the applicable law. Their firms have longevity and staying power and the necessary resources to commit to this case. The proposed team also offers geographic, gender, age, and life experience diversity to lead this MDL to a successful resolution on behalf of all the class members, consistent with MDL guidelines.[1]

---

[1] *See* BOLCH JUDICIAL INSTITUTE, DUKE LAW SCHOOL, Guidelines and Best Practices for Large and Mass-Tort MDLs, Sept. 2018 (2d Ed.), at 37–38, *available at* https://judicialstudies.duke.edu/wp-content/uploads/2018/09/MDL-2nd-Edition-2018-For-Posting.pdf.

## II. ARGUMENT

A consideration of the factors enumerated in Federal Rule of Civil Procedure 23(g) supports Ms. Wolfson's and Ms. Palikovic's motion to serve as Interim Co-Lead Counsel:

(i) the work counsel has done in identifying or investigating potential claims in the action;

(ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii) counsel's knowledge of the applicable law; and

(iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). The Court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

### A. Wolfson and Palikovic Have Already Conducted Extensive Work in this Litigation.

As evidenced by the strategy they present to the Court here, Ms. Wolfson and Ms. Palikovic have already done extensive work to investigate, identify, and advocate the claims of the class. Prior to filing the complaint, they took the time to research the facts and the law to allege the most viable claims against StubHub. Their approach seeks to obtain the most relief for the plaintiff class in the quickest way possible, which is particularly important during this pandemic when many class members are experiencing extreme financial hardship.

When StubHub responded to the COVID-19 pandemic by modifying—and retroactively applying—its customer terms and conditions to eliminate their full refund policy for canceled events from its FanProtect™ Guarantee, Ms. Wolfson and Ms. Palikovic analyzed StubHub's changes to its terms and conditions, as well as the arbitration provision it purportedly will seek to enforce in this MDL. Based on their analysis, Ms. Wolfson and Ms. Palikovic are confident that Plaintiffs and the proposed class will be able to defeat any motion to compel arbitration, as StubHub's conduct here warrants urgent public injunctive relief and makes the arbitration agreement unenforceable under *McGill v. Citibank, N.A.*, 2 Cal. 5th 945 (2017) and *Blair v. Rent-A-Center, Inc.*, 928 F.3d 819 (9th Cir. 2019).[2]

---

[2] *Cf. McArdle v. AT&T Mobility LLC*, 772 F. App'x 575 (9th Cir. 2019).

Along with a detailed plan to successfully defend against StubHub's arbitration motion, Ms. Wolfson and Ms. Palikovic have already prepared a motion for summary judgment that can be filed promptly and heard in conjunction with the motion to compel arbitration, as the factual issues involved in both motions are intertwined. Ms. Wolfson and Ms. Palikovic can finalize and file this motion for summary judgment within one week after interim lead appointment. This motion, along with the defense against compelled arbitration, present the plaintiff class with the most efficient way to obtain relief from StubHub's allegedly unlawful conduct: injunctive relief that will enjoin StubHub from effectively reneging on the trademarked refund guarantee that was its core business model from the company's inception and promptly refund the money to the class for events canceled due to the COVID-19 pandemic.

In addition, Ms. Wolfson and Ms. Palikovic have already expended considerable effort in the early stages of this litigation through numerous calls and emails among plaintiffs' counsel to seek a route to private ordering and coordination of these consolidated cases. Ms. Wolfson's and Ms. Palikovic's team attempted to reach consensus with their colleagues in an effort to avoid JPML consolidation and resulting delay. The team continued their efforts to self-organize even after the JPML ruling. Although those efforts were ultimately unsuccessful, the rapport established by the team during these communications, as well as prior work with most of the applicant firms, will enable Ms. Wolfson and Ms. Palikovic to lead by consensus, and to utilize all the talents of plaintiffs' counsel in an efficient manner, should it become necessary and agreeable to the Court.

**B.      With Over 40 Years of Combined Experience, Wolfson and Palikovic Possess Both the Substantive Knowledge of Class Action Law as Well as the Managerial Skills Required to Lead Other Counsel to Maximize the Recovery for the Class.**

In addition to their combined vast experience in prosecuting class actions, as set forth below, and significant efforts they already expended in developing this case, Ms. Wolfson has filed numerous other class actions against a variety of entities arising from alleged refusals to refund purchases for events and reservations cancelled due to the COVID-19 pandemic, as well as price gouging associated with the

pandemic.³ Through these pre-suit investigations, Ms. Wolfson and Ms. Palikovic have researched various theories of liability throughout the nation—including within the Ninth Circuit—and interviewed, reviewed documents from, and been retained by dozens of consumer clients affected by these allegedly unlawful practices. Ms. Wolfson and Ms. Palikovic continue to closely follow developments in all ongoing COVID-19 refund cases and other related cases, whether or not they are actively involved in litigating those cases. This aggregate knowledge of issues developing in ongoing COVID-19-related litigation is an invaluable, free bonus to the class.

### 1.   Tina Wolfson, Ahdoot & Wolfson, PC

As set forth in her *curriculum vitae*, attached as Exhibit 1, Ms. Wolfson is a founding member of Ahdoot & Wolfson, PC ("AW"), a nationally recognized law firm with offices in Los Angeles and New York that specializes in complex and class action litigation, with a focus on consumer fraud, unfair business practices, anti-competitive business practices, privacy rights, employee rights, defective products, civil rights, and taxpayer rights. AW has successfully vindicated the rights of millions of class members in protracted, complex litigation, conferring hundreds of millions of dollars to the victims, and affecting meaningful change in corporate behavior. The attorneys at AW pride themselves on their staying power, the high quality of their work product, their zealous advocacy, and their staunch commitment to ethics and collegial cooperation with co-counsel and opposing counsel. As one of the very few female founders of a national class action firm, Ms. Wolfson has gained extensive experience leading major class actions during her 26-year career and has been selected over competing applicants in a myriad of cases by federal and state court judges across the country, including many in the Northern District of California.

Most recently, Judge Koh selected Ms. Wolfson to serve as interim co-lead class counsel in the *ZOOM Video Communications, Inc. Privacy Litigation*, No. 5:20-cv-2155-LHK (N.D. Cal.), a class action alleging Zoom's failure to implement adequate security protocols for its video-conferencing

---

³ *See, e.g.*, *Herrera v. Cathay Pac. Airways Ltd.*, No. 3:20-cv-3019-JCS (N.D. Cal.); *Redmond v. Albertsons Cos., Inc.*, No. 3:20-cv-3692-JSC (N.D. Cal.); *Polk v. Delta Air Lines, Inc.*, No. 1:20-cv-2461-ELR (N.D. Ga.); *Gimello v. Am. Airlines Group, Inc.*, No. 2:20-cv-2834-AB (E.D. Pa.); *Sweet v. Frontier Airlines*, No. 1:20-cv-1340-PAB-KLM (D. Colo.); *Diaz v. Spirit Airlines Inc.*, No. 0:20-cv-60933-RKA (S.D. Fla.).

platform that breached millions of consumers' privacy, fell well short of its promises, and diminished the value of the products and services it provided. And Judge Davila selected Ms. Wolfson to serve as interim co-lead class counsel in the *Google Location History Litigation*, No. 5:18-cv-5062-EJD (N.D. Cal.), a consumer class action arising out of Google's allegedly unlawful collection and use of mobile device location information on all Android and iPhone devices.

Also before Judge Davila, Ms. Wolfson is serving as a member of the Plaintiffs' Executive Committee in the *Apple Inc. Device Performance Litigation*, No. 5:18-md-2827-EJD (N.D. Cal.), a class action challenging Apple's alleged practice of deploying software updates to iPhones that deliberately degraded the devices' performance and battery life. The Court preliminarily approved a class action settlement of $310 million minimum and $500 million maximum, an excellent result achieved, in part, by Ms. Wolfson's work in that case.

In *Eck v. City of Los Angeles*, No. BC577028 (Cal. Super. Ct., Los Angeles Cty. ("LASC")) (Hon. Ann I. Jones), AW was appointed class counsel in a $295 million settlement arising from an 8% surcharge on Los Angeles electricity rates that plaintiffs alleged was an illegal tax. Final approval of the settlement was affirmed on appeal in October 2019.

As co-lead counsel in the *Experian Data Breach Litigation*, No. 8:15-cv-1592-AG-DFM (C.D. Cal.) (Hon. Andrew J. Guilford), which affected nearly 15 million class members, Ms. Wolfson achieved a settlement conservatively valued at over $150 million. Each class member was entitled to additional premium credit monitoring and ID theft insurance plus monetary relief. Experian also provided robust injunctive relief to reform its cybersecurity practices. Judge Guilford praised counsel's litigation efforts and efficiency in achieving the settlement, commenting, "You folks have truly done a great job, both sides. I commend you."

In *Alvarez v. Sirius XM Radio Inc.*, No. 2:18-cv-8605-JVS-SS (C.D. Cal.) (Hon. James V. Selna), a class action arising out of defendant's alleged failure to honor lifetime subscriptions for satellite radio services, AW is serving as class counsel in a preliminarily approved settlement valued conservatively at $96 million. Sirius had allegedly failed to honor its lifetime subscription service by claiming "lifetime" referred to the life of the device, not the consumer. The Settlement extends the promised subscription for the lifetime of class members who have active accounts and provides the opportunity for class

members with closed accounts to reactivate their accounts and enjoy a true lifetime subscription or recover $100. The district court had granted the motion to compel arbitration on an individual basis, and AW appealed. Ms. Wolfson reached the final deal points of the nationwide class action settlement literally minutes prior to oral argument in the Ninth Circuit.

In *Lavinsky v. City of Los Angeles*, No. BC542245 (LASC) (Hon. Ann I. Jones), a class action alleging the city unlawfully overcharged residents for utility taxes, AW certified the plaintiff class in litigation and then achieved a $51 million class settlement. As co-lead counsel in *Berman v. General Motors, LLC*, No. 2:18-cv-14371-RLR (S.D. Fla.) (Hon. Robin L. Rosenberg), a vehicle oil consumption defect class action, AW achieved a $40 million settlement. Ms. Wolfson's many other recent achievements are set forth in her attached *curriculum vitae*.

In addition to having an in-depth understanding of the relevant substantive law at issue in the instant litigation, Ms. Wolfson has extensive experience leading other lawyers both as a founding partner in her firm, as well as lead counsel in many MDLs and other consolidated class actions. Ms. Wolfson knows and has worked with all of the firms applying for leadership positions here and has the leadership skills to utilize everyone's talents in an efficient manner to achieve the best possible result for the class.

### 2. Tiasha Palikovic, Wittels McInturff Palikovic

As a young partner at Wittels McInturff Palikovic ("WMP"), Ms. Palikovic is a talented and devoted litigator. She has 15 years of complex litigation experience and has the full support of her firm to lead this MDL, as reflected in the *curriculum vitae* attached as Exhibit 2. While she has the requisite class action and complex litigation experience to lead any MDL, Ms. Palikovic has personally sought and been formally appointed only once to any MDL position. (She is a PSC member in the *Allergan BIOCELL Textured Breast Implant Prods. Liab. Litig.*, No. 2:19-md-2921-BRM-JAD (D.N.J.) (Hon. Brian R. Martinotti).) With support of her firm, and the eager mentorship of Ms. Wolfson, a more seasoned MDL participant, Ms. Palikovic will successfully lead this MDL. Her appointment will address the issue of repeat players, as well as provide gender, age, life experience, and geographic diversity in compliance with MDL Guidelines.[4]

---

[4] *See supra* note 1; *see also In re Zantac (Ranitidine) Prods. Liab. Litig.*, No. 9:20-md-2924-RLR (S.D.

As co-lead counsel for a nationwide class of consumers in a consumer fraud and RICO class action entitled *Delgado v. Ocwen Loan Servicing, LLC*, No. 1:13-cv-4427-NGG-RML (E.D.N.Y.) (Hon. Nicholas G. Garaufis), which entailed significant discovery that included 35 court conferences, 30 contested discovery motions, 75-plus document productions amounting to more than 400,000 pages of material, 20-plus depositions, and five subpoenas, Ms. Palikovic achieved a $39.8 million class-wide settlement on behalf of consumers who were unwittingly enrolled in expensive monthly home warranty and service plans via deceptive check solicitations. And as part of the lead counsel team in the *Ambit Energy "Guaranteed Savings Plan" Class Action*, No. 503285/2015 (N.Y. Kings Cty.) (Hon. Sylvia G. Ash), Ms. Palikovic obtained a $29.8 million settlement for all New York Guaranteed Savings Plan customers automatically rolled onto the energy company's more expensive variable rate plans.

Ms. Palikovic currently serves as lead counsel in *Diaz v. New York Paving, Inc.*, No. 1:18-cv-4910-ALC-GWG (S.D.N.Y.) (Hon. Andrew L. Carter), a large and complex wage and hour dispute, where she is currently overseeing all discovery and class certification efforts. Ms. Palikovic also is serving as lead counsel in a recently-filed nationwide consumer class action entitled, *Mahood v. Noom, Inc.*, No. 1:20-cv-3677-LGS-KHP (S.D.N.Y.) (Hon. Lorna G. Schofield), which alleges deceptive enrollment in the diet app company's monthly weight-loss subscriptions.

With Ms. Wolfson as her experienced co-lead counsel, Ms. Palikovic has the requisite talent and experience as a class action litigator to provide excellent leadership to the plaintiff class.

### C. Wolfson and Palikovic Have the Resources to Litigate this MDL and Propose Efficiency Protocols Regarding Attorneys' Fees.

Ms. Wolfson and Ms. Palikovic are fully aware of the financial and human resources that will be required to bring this case to a successful conclusion and the Court should have no reservations that AW and WMP have and are willing to commit the necessary resources for the benefit of the plaintiff class.

---

Fla.), Dkt. 685 (PTO # 20), at 2-3 ("The Court also sought to appoint a diverse leadership team that is representative of the inevitable diversity of the Plaintiffs in this case, and a team that affords younger and slightly less experienced attorneys an opportunity to participate in a leadership role in an MDL. The Court sought to create a team that would collectively bring to bear both wisdom and judgment, and also new approaches and ideas.").

1  Neither firm uses outside funding, and their respective staying power is evidence that funding the case
2  will not be an issue.
3      If appointed, their team will issue a billing protocol that will ensure that the class is not
4  overcharged for attorney services. To ensure that duplicative billing is avoided, Ms. Wolfson and Ms.
5  Palikovic would implement contemporaneous billing guidelines and efficiency protocols, similar to
6  those implemented in other consolidated class actions within this District, subject to the Court's
7  approval. They propose that monthly time and expense reporting will be required from all counsel
8  authorized to work on the case, and that they will review and audit all such billing and submit them for
9  *in camera* review should the Court so desire. If necessary, Ms. Wolfson and Ms. Palikovic will counsel
10 attorneys who fail to comply with the implemented billing and efficiency protocols. They will not charge
11 the class for time expended in enforcing such protocols. All fee applications would comport with Ninth
12 Circuit law.
13     While their firms have expended considerable time, effort, and cost in developing this case, Ms.
14 Wolfson and Ms. Palikovic are fully aware that the time expended prior to any leadership appointment
15 will not be remunerated. They are ideally poised to lead this litigation from the outset and look forward
16 to successfully prosecuting StubHub for its alleged wrongdoing.

17     **D.**    **Wolfson's and Palikovic's Appointment Would Comply with the Duke Guidelines**
18             **on Diversity in MDL Lead Counsel Appointments.**

19     Ms. Wolfson was born in the former Soviet Union and her family escaped when she was 11 years
20 old. Seven years after arriving as an indigent refugee who spoke no English, Ms. Wolfson attended
21 Columbia College, and then Harvard Law School, graduating both *cum laude*. The experience of
22 growing up in a totalitarian regime without individual freedoms gives her a unique appreciation for the
23 importance and fragility of those rights and defines her professional life, as does her strong immigrant
24 work ethic. Ms. Wolfson is one of the few female founding partners of a national class action firm.
25     Ms. Palikovic was born in the former Yugoslavia and moved to the United States when she was
26 14 years old. Four years after beginning her schooling in English, she gained admission to the University
27 of California at Berkeley, from which she earned a double major with High Distinction. She went on to
28 receive her Master's Degree, with High Honors, from the London School of Economics and earn her law

degree from the New York University School of Law, where she was a Dean's Scholar, an NYU International Law and Human Rights Fellow, and Notes Editor of the NYU Journal of Law and Business. As a first-generation American with a keen interest in human rights and social justice, Ms. Palikovic also clerked in the Appeals Chamber of the International Criminal Tribunal for the Former Yugoslavia, served as Outside Counsel for the Sierra Club and successfully represented numerous *pro bono* clients in asylum proceedings.

Appointing Ms. Wolfson and Ms. Palikovic as co-lead counsel in this litigation would further diversity in leadership appointments in MDL litigation.[5] Further, Ms. Wolfson's Los Angeles location and Ms. Palikovic's New York location afford geographic diversity to their proposed plaintiff leadership.

## III. CONCLUSION

For the foregoing reasons, Plaintiff Stephanie Wood respectfully requests that the Court appoint Tina Wolfson and Tiasha Palikovic as Interim Co-Lead Counsel for Plaintiffs and the proposed class.

Respectfully submitted,

Dated: August 20, 2020

/s/ *Tina Wolfson*
Tina Wolfson
Theodore W. Maya
Bradley K. King
AHDOOT & WOLFSON, PC
10728 Lindbrook Drive
Los Angeles, California 90024
Tel: (310) 474-9111
Fax: (310) 474-8585
twolfson@ahdootwolfson.com
rahdoot@ahdootwolfson.com
bking@ahdootwolfson.com

Tiasha Palikovic*
J. Burkett McInturff*
WITTELS MCINTURFF PALIKOVIC
18 HALF MILE ROAD
ARMONK, NEW YORK 10504
Telephone: (914) 775-8862
Facsimile: (914) 273-2563
tpalikovic@wittelslaw.com
jbm@wittelslaw.com
(* admitted *pro hac vice*)

*Attorneys for Plaintiff Wood and the Proposed Class*

---

[5] *See supra* note 1.