1  Michael L. Schrag (SBN 185832)
   Joshua J. Bloomfield (SBN 212172)
2  **GIBBS LAW GROUP LLP**
   505 14th Street, Suite 1110
3  Oakland, California 94612
   Telephone: (510) 350-9700
4  Facsimile: (510) 350-9701
   mls@classlawgroup.com
5  jjb@classlawgroup.com

6
   *Attorneys for Plaintiff Kopfmann*
7  *and the Proposed Class*

8  **BURSOR & FISHER, P.A.**
   L. Timothy Fisher (State Bar No. 191626)
9  Yeremey Krivoshey (State Bar No. 295032)
   1990 North California Blvd., Suite 940
10 Walnut Creek, CA 94596
11 Telephone: (925) 300-4455
   Facsimile:  (925) 407-2700
12 E-mail: ltfisher@bursor.com
           ykrivoshey@bursor.com
13
14 *Attorneys for Plaintiff Alcaraz*
   *and the Proposed Class*
15

16              **UNITED STATES DISTRICT COURT**
17          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 18  IN RE: STUBHUB REFUND LITIGATION | Case No. 20-md-2951-HSG |
| 19  This Document Relates to All Cases | **NOTICE OF MOTION AND** |
| 20 | **MOTION TO APPOINT GIBBS** |
|     (Centralized Actions: No. 4:20-02595 (N.D. | **LAW GROUP AND BURSOR &** |
| 21  Cal.); No. 4:20-03025 (N.D. Cal.); No. 1:20- | **FISHER AS CO-LEAD INTERIM** |
|     03508 (S.D.N.Y); and No. 3:20-00319 (W.D. | **CLASS COUNSEL;** |
| 22  Wis.)) | **MEMORANDUM OF POINTS AND** |
| 23 | **AUTHORITIES** |
|     (Tag-along Actions: No. 4:20-04125 (N.D. | |
| 24  Cal.); and 3:20-04786 (N.D. Cal.)) | Date:   October 22, 2020 |
| 25 | Time:   2:00 p.m. |
| 26 | Place:  Courtroom 2 – 4th Floor |
|  | Judge: Hon. Haywood S. Gilliam, Jr. |

27

28

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD: PLEASE TAKE NOTICE THAT on October 22, 2020, at 2:00 p.m., or as soon thereafter as this matter may be heard, Plaintiffs Michelle Kopfmann and Jason Alcaraz will move this Court located at 1301 Clay Street, Oakland, CA 94612, before the Honorable Haywood S. Gilliam, Jr. in Courtroom 2, 4th Floor, for an order appointing Michael L. Schrag of Gibbs Law Group ("GLG") and L. Timothy Fisher of Bursor & Fisher ("B&F") to serve as co-lead interim class counsel pursuant to the Court's order of August 13, 2020, and Rule 23(g)(3) of the Federal Rules of Civil Procedure. *See* Dkt. No. 3.

The motion is based on this Notice of Motion as well as the Memorandum of Points and Authorities, Proposed Order, and supporting declarations and exhibits, any oral arguments to be made at the hearing on this motion, and all other papers, documents or exhibits on file in this action.

## CIVIL LOCAL RULE 7-4(a)(3) STATEMENT OF ISSUES TO BE DECIDED

Whether the Court should appoint Michael L. Schrag of GLG and L. Timothy Fisher of B&F to serve as co-lead interim class counsel pursuant to Fed. R. Civ. P. 23(g)(3).

Dated: August 20, 2020

Respectfully submitted,

**GIBBS LAW GROUP LLP**

*/s/ Michael L. Schrag*
Michael L. Schrag
Joshua J. Bloomfield
505 14th Street, Ste. 1110
Oakland, California 94612
Telephone:  510-350-9700
Facsimile:  510-350-9701
mls@classlawgroup.com
jjb@classlawgroup.com

*Attorneys for Plaintiff Michelle Kopfmann*
*and the Proposed Class*

**BURSOR & FISHER, P.A**.

*/s/ L. Timothy Fisher*
L. Timothy Fisher
Yeremey Krivoshey
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596

Telephone: (925) 300-4455
Facsimile: (925) 407-2700
ltfisher@bursor.com
ykrivoshey@bursor.com


**BURSOR & FISHER, P.A.**

Scott A. Bursor
701 Brickell Avenue, Suite 1420
Miami, FL 33131
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
scott@bursor.com

*Attorneys for Plaintiff Jason Alcaraz*
*and the Proposed Class*

**INTRODUCTION**

StubHub operates one of the world's largest and most recognizable online ticket reselling marketplaces. The company brings together ticket buyers and sellers and allows them to transact business through its website and mobile applications. Buyers were attracted to StubHub's platform due in large measure to the longstanding and heavily marketed "FanProtect Guarantee" whereby StubHub promised prompt refunds to buyers who bought tickets to events that were later cancelled. On March 27, 2020, StubHub pulled the rug out from under the FanProtect Guarantee, telling its customers that they would no longer receive refunds for cancelled events. Instead, they would receive expiring credits.

Six federal class actions filed against StubHub in three districts have now been centralized in this Court, and plaintiffs in several of the cases are expected to seek appointment of their counsel as interim lead counsel. Fed. R. Civ. P. 23(g)(2) requires that the Court appoint the firm or firms that are "best able to represent the interests of the class." Gibbs Law Group's and Bursor & Fisher's ("GLG" and "B&F," respectively) considerable experience and class action success elevate them above the pack. For instance, B&F has never lost a class action trial – having won six of six since 2008 – including winning a $267 million class action verdict in this District just last year. Further, as the Court considers who should be appointed to lead the MDL, Plaintiffs Kopfmann and Alcaraz ask that it evaluate not only the various applicants' experience in the consumer protection arena, but their ability to work well with others, build consensus from competing views, and present streamlined legal positions for the Court's consideration. Mr. Schrag and his team at GLG have a strong record in each facet of the leadership question, as do Mr. Fisher and his team at B&F. This motion is itself an example of the two firms' flexibility and ability to build consensus, as they were on opposite sides of the 23(g) motion originally filed in *Alcaraz*, but have now aligned for the benefit of consumers and the Court. Plaintiffs Kopfmann and Alcaraz accordingly request the Court appoint GLG and B&F to lead this MDL.

**BACKGROUND**

StubHub is headquartered in this District, and its contract with consumers has a California choice of law provision. Defendant Last Minute Transactions, Inc is also headquartered in this District. On April 2, 2020, Plaintiff in *McMillan v. StubHub, Inc. et al.*, Case No. 3:20-cv-00319-JDP (W.D.

Wis.) filed his related case in the Western District of Wisconsin. On April 14, 2020, Plaintiff Alcaraz, represented by B&F, filed the first case in this District, the more appropriate venue (*Alcaraz v. StubHub, Inc.*, Case No. 4:20-cv-02595-HSG). On May 1, 2020, plaintiff Kopfmann, represented by GLG, filed the second case in this District (*Kopfmann v. StubHub, Inc.*, Case No. 4:20-cv-03025-HSG), which was promptly related to *Alcaraz* and reassigned to this Court (Dkt. Nos. 8 and 9). On May 5, 2020, plaintiff Reynolds filed a nearly verbatim copy of the *McMillan* complaint in the Southern District of New York (*Reynolds v. StubHub, Inc. et al.*, Case No. 1:20-cv-03508-AKH (S.D.N.Y.)).

On May 29, 2020 the *McMillan* attorneys filed a motion before the JPML seeking transfer and centralization of *McMillan*, *Alcaraz*, *Kopfmann* and *Reynolds* in the Northern District of Illinois – a venue where none of the cases were pending and none of the parties reside – along with two unrelated cases against StubHub competitors. Nearly a month later, on June 22, 2020, a tag-along action was filed in this District (*Wood v. StubHub, Inc.*, Case No. 4:20-cv-04125-YGR), followed by another one nearly a month after that, on July 16, 2020 (*Dobner v. StubHub, Inc.*, Case No. 3:20-cv-04786-EMC).

The JPML heard argument on the transfer motion on July 30, 2020. A week later, it issued an order rejecting *McMillan* counsel's attempt to lump the StubHub cases together in an unrelated venue with cases against StubHub's competitors. Instead, the Panel followed the suggestion of Kopfmann's counsel and centralized only the StubHub actions before this Court. MDL Dkt. No. 36.

As detailed below, GLG and B&F, who filed the first two actions in the appropriate District and have a strong track record of leading consumer class actions, are the best choice to take the lead in representing the many thousands of consumers harmed by StubHub's abandonment of its FanProtect Guarantee.

## ARGUMENT

### A.      GLG and B&F Are Best Able to Represent the Class's Interests

When faced with competing applications for interim class counsel, courts typically consider (i) the work each applicant has done identifying or investigating potential claims in the action; (ii) the applicants' experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) the applicants' knowledge of the applicable law; and (iv) the resources the applicants can devote to representing the class. Fed. R. Civ. P. 23(g)(1)(A). If each applicant is capable

of adequately representing the proposed class's interests, the Court should "appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2); *Parkinson v. Hyundai Motor Am.*, No. 06-CV-2553-AHS, 2006 WL 2289801, at *2 (C.D. Cal. Aug. 7, 2006).

### 1. GLG and B&F Did Extensive Work Identifying and Investigating Potential Claims

GLG and B&F spent considerable time developing the legal theories and factual allegations presented in their complaints. In addition to drafting the complaints, GLG and B&F attorneys performed the following tasks:

(a) reviewed over a hundred consumer complaints submitted to the firms regarding StubHub's refusal to provide refunds for cancelled events;

(b) interviewed more than two dozen StubHub customers to better understand the typical class member experience and assessed potential class representatives;

(c) evaluated arbitration risk, which included a review of the StubHub sign-up and purchasing processes, on both its website and mobile apps, to assess whether customers had appropriate notice and agreed to arbitration;

(d) researched the history of StubHub's FanProtect Guarantee and related marketing, including the trademark application, interviews discussing the guarantee, commercials, affiliate marketing, help pages, and press releases;

(e) researched StubHub's response to COVID-19 and the subsequent changes to its refund policy;

(f) researched StubHub's role as intermediary rather than seller, including review of past public statements, SEC filings of former parent company, and responses to BBB complaints;

(g) identified and developed potential claims, ultimately selecting those that best fit the case and offered a comprehensive set of remedies;

(h) evaluated StubHub's likely defenses, including by reviewing its public statements about its decision to stop issuing refunds;

(i) researched choice of law issues and identified preliminary facts to link StubHub's wrongful conduct to California; and

(j) prepared notice of CLRA violations to send to StubHub, including a list of requested remedies to cure those violations.

Moreover, upon entry of the transfer order creating this MDL, GLG took the lead in drafting a stipulation for an initial scheduling order, obtaining consensus of all plaintiffs' counsel, reaching agreement with defense counsel, and filing the resulting stipulation and proposed order entered by this Court.

Throughout the course of their investigation and the ensuing litigation, GLG and B&F have endeavored to exhibit high standards of professionalism, dedication, and thoroughness. They have worked hard to identify and develop the claims alleged in the *Kopfmann* and *Alcaraz* complaints, and believe the class will benefit from their continued involvement in this litigation.

### 2. GLG and B&F Have Considerable Experience Handling Class Actions and Other Complex Litigation

GLG and B&F have handled dozens of consumer class actions like this one and have recovered hundreds of millions of dollars for class members. GLG lawyers have earned a national reputation for their innovative strategies and relentless efforts to advance consumer rights through class litigation. In the last year, the firm was named a Law360 Class Action Group of the Year and *Daily Journal* Top Boutique Law Firm in California; its attorneys won two California Lawyer Attorney of the Year (CLAY) Awards; its founding partner was recognized as a Law360 Titan of the Plaintiffs Bar and one of *Lawdragon's* 500 Leading Plaintiff Consumer Lawyers; and senior partner Michael Schrag was recognized by Best Lawyers for his work in class actions. GLG attorneys have also drawn praise from courts across the country:

➢ "Throughout this litigation, Class Counsel has consistently demonstrated superb candor, diligence, organization, and aptitude." *In re: Vizio, Inc. Consumer Privacy Litigation*, No. 16-ml-02963 (C.D. Cal. July 31, 2019) (Staton, J.), ECF No. 337 at 14

➢ "[T]his is an extraordinarily complex case and an extraordinarily creative solution. … I wanna thank you and compliment you gentlemen.  It's been a real pleasure to work with you." *Glenn v. Hyundia Motor Am.*, 8:15-cv-2052, ECF No. 275 at 14-15 (C.D. Cal., Feb. 25, 2019) (Carter, J.)

➢ "You made it very easy to deal with this case and clearly your years of expertise have carried the day here. Nice work. Thank you." *In re American Honda Motor Co., Inc., CR-V Vibration Litig.*, No. 2:15-md-2661, ECF No. 108 at 27 (S.D. Ohio Dec. 7, 2018) (Watson, J.)

➢ "This [$51.15 million] settlement could not have been achieved without the skill and experience that Class Counsel applied in the face of legal hurdles at every turn." *Beaver v. Tarsadia Hotels*, 11-cv-1842–GPC, ECF No. 314 at 23 (S.D. Cal. Sept. 28, 2017) (Curiel, J.)

Recent examples within this district where GLG has successfully represented plaintiffs in class litigation include *In re Anthem, Inc. Data Breach Litig.*, MDL No. 2617, No. 15-md-02617-LHK, where GLG was part of the four-firm leadership team that obtained a $115 million cash settlement for victims

of the largest healthcare data breach in history; *Barnett v. Facebook,* No. 16-cv-06232-JSW, where

GLG worked with two other firms to negotiate a $40 million cash settlement for video advertisers after

Facebook misreported the average time the ads were being watched (settlement awaiting final

approval); *Hernandez v. Wells Fargo*, No. 18-cv-07354-WHA, where GLG and co-counsel recently

negotiated an $18.5 million cash settlement to compensate 510 class members who lost their homes in

foreclosure after Wells Fargo erroneously failed to offer them a government-mandated mortgage

modification (settlement awaiting final approval); and *In re: Lenovo Adware Litigation*, No. 15-md-

02624-HSG, where GLG attorneys, serving as co-lead counsel, obtained an $8.3 million cash

settlement to resolve allegations that Lenovo preinstalled software on laptops that caused performance,

privacy and security issues for consumers

While the firm endeavors to achieve quick and meaningful results for class members through

settlement whenever possible, GLG attorneys have also demonstrated their capability to take those

cases through trial when necessary. For example, Mr. Schrag has helped try three class or multi-plaintiff

actions to a successful verdict or mid-trial settlement, including *Asokan v. American General Insurance*

*Company*, No. 6:15-cv-02048 (M.D. Fla.); *Ammari v. Pacific Bell Directory*, No. RG05198014 (Cal.

Super. Ct. Alameda Cty); and *Schwartz v. Visa*, No. 822404-4 (Cal. Super. Ct. Alameda Cty). Additional

examples of GLG attorneys' experience with class actions and complex litigation are detailed in GLG's

firm resume, a copy of which has been submitted herewith. (Schrag Decl., Ex. A.)

Similarly, B&F has "extensive experience in handling class actions and complex litigation,

including products liability and consumer protection cases[.]" *In re Welspun Litigation*, No. 16-cv-6792

(RJS), Dkt. 58 at 2 (S.D.N.Y. Jan. 26, 2017). As United States District Judge Jed S. Rakoff of the

Southern District of New York recognized in appointing the firm as class counsel, "Bursor & Fisher,

P.A., are class action lawyers who have experience litigating consumer claims …. The firm has been

appointed class counsel in dozens of cases in both federal and state courts, and has won multi-million-

dollar verdicts or recoveries in [six] class action jury trials since 2008." *Ebin v. Kangadis Food Inc.*,

297 F.R.D. 561, 566 (S.D.N.Y. 2014).

Class actions are rarely brought to trial. However, B&F served as trial counsel for class action

plaintiffs in six jury trials since 2008, and has won all six. Fisher Decl., Ex. A (firm resume). Most

MTN TO APPT. INT. CLASS COUNSEL
Case No. 20-md-2951-HSG

recently in May 2019, B&F secured a jury verdict and judgment that the defendant violated the

Telephone Consumer Protection Act 534,712 times, entitling class members to $267 million in

statutory damages. *See Perez v. Rash Curtis & Associates*, Case No. 4:16-cv-03396-YGR (N.D. Cal.

Sep. 9, 2019) (final judgment entered for $267 million); *Perez v. Rash Curtis & Associates*, 2020 WL

1904533, at *21 (N.D. Cal. Apr. 17, 2020) (upholding $267 million award and noting "the general

quality of the representation and the complexity and novelty of the issues" and that "[t]he benefit

obtained for the class is an extraordinary result").

This Court previously appointed B&F as Class Counsel in *Hendricks v. StarKist Co.*, N.D. Cal.

Case No. 13-cv-00729-HSG. In that case, B&F negotiated a nationwide settlement that resulted in the

submission of over 2.4 million claims. At the time, this was believed to be the largest number of claims

ever submitted in a Rule 23 class action.

B&F also has substantial experience litigating and certifying contested claims on behalf of

nationwide and multi-state classes. *See, e.g.*, *Martinelli v. Johnson & Johnson*, 2019 WL 1429653

(E.D. Cal. Mar. 29, 2019); *Hart v. BHH, LLC*, 2017 WL 2912519, at *9 (S.D.N.Y. July 7, 2017);

*Melgar v. Zicam LLC*, 2016 WL 1267870 at *7 (E.D. Cal. Mar. 31, 2016) (California, Delaware, D.C.,

Kansas, Missouri, New Jersey, Ohio, Utah, Virginia, and West Virginia classes of purchasers of

Zicam's homeopathic cold remedies); *In re Scotts EZ Seed Litig.*, 304 F.R.D. 397 (S.D.N.Y. Jan. 26,

2015); *Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561 (S.D.N.Y. 2014); *Forcellati v. Hyland's, Inc.*, 2014

WL 1410264, at *13 (C.D. Cal. Apr. 9, 2014) (certifying nationwide class of purchasers of Hyland's

cold and flu products).

More generally, within the past seven years, B&F lawyers have been court-appointed counsel or

interim class counsel in more than 30 class actions. *See* Fisher Decl. Ex. A at pp. 1-3. This includes

leadership experience in multi-district litigations. In addition to its recent appointment in *In re:*

*American Medical Collection*, Case No. 19-md-2904 (D.N.J.), the firm has been appointed to the

leadership structure in *In re: Fisher-Price Rock 'N Play Sleeper Marketing, Sales Practices, And*

*Products Liability Litigation*, Case No. 19-md-2903 (W.D.N.Y.) and the class action steering committee

in *In re: Valsartan Products Liability Litigation*, 19-md-02875 (D.N.J.). The firm was also appointed to

the leadership structure in *In re: Blue Buffalo Company, Ltd., Marketing And Sales Practices Litigation*,

14-md-2562 (E.D. Mo.), which ultimately settled for a $32 million cash common fund.

### 3. GLG and B&F Are Knowledgeable Regarding the Applicable Law

By virtue of their extensive experience representing consumers in class litigation, GLG and B&F are quite familiar with the laws that will govern class members' claims. They regularly confront the type of tort, consumer protection, and contract issues that are likely to arise in this case. In January, for example, Mr. Schrag and his team certified a nationwide breach of contract class in *Hernandez, supra.* One of the first major issues in this case will likely involve the enforceability of the StubHub Marketplace Global User Agreement, which includes an arbitration clause and class action ban that threaten to end class members' case before it begins. GLG and B&F are prepared for that fight, having recently litigated a number of motions to compel arbitration. *See, e.g., Revitch v. DirecTV, LLC*, 2018 WL 4030550, at *7-17 (N.D. Cal. Aug. 23, 2018) (denying motion to compel arbitration); *Brown v. Comcast Corp.*, 2016 WL 9109112, at *2-8 (C.D. Cal. Aug. 12, 2016) (denying motion to compel arbitration); *Belyea v. Greensky, Inc.*, 2020 WL 3618959, at *1-14 (N.D. Cal. Jul. 2, 2020) (denying motion to compel arbitration); *In re Pac. Fertility Ctr. Litig.*, 814 F. App'x 206 (9th Cir. 2020) (affirming denial of motion to compel arbitration as to manufacturer defendant; reversing as to remaining defendants).

Another issue of importance for class members will involve how StubHub should appropriately compensate them for the harm it caused. A full refund would be a good start, but part of what has so outraged consumers is that they have lost the use of money that rightly belongs to them at a time when it is needed most. GLG attorneys have confronted this sort of issue before in *In re Chase Bank USA, N.A. "Check Loan" Contract Litig.*, No. 3:09-md-2032 (N.D. Cal.), where Chase raised the minimum payments required on low-interest loans at a time when class members needed that credit most—during the Great Recession. Chase argued that class members were actually better off because they would pay less interest over the long run, but GLG and its co-counsel worked with damages experts to develop a model that appropriately valued class members' loss and ultimately achieved a $100 million cash settlement for the class. A similar approach will be important in this case to ensure class members are well-represented and their prospects for a meaningful damages recovery are maximized.

MTN TO APPT. INT. CLASS COUNSEL
Case No. 20-md-2951-HSG

Further, B&F has emerged as one of the leading firms in COVID-19 related consumer class action litigation in the country. For instance, Judge Raymond Moore appointed B&F as co-lead interim class counsel over four competing applications in the Alterra Ski Pass Litigation. *See Kramer v. Alterra Mountain Co. et al.*, Case No. 1:20-cv-01057-RM-SKC (July 31, 2020 D. Colo), Dkt. No. 64. There, B&F represents consumers who purchased ski passes for resorts throughout the United States that were closed early due to COVID-19. Like here, breach of contract allegations and complex user agreements will be at the front and center of that litigation. In *Hill v. Spirit Airlines, Inc.*, Case No. 0:20-cv-60746-RKA, Dkt. No. 38 (July 21, 2020 S.D. Fla.), Judge Roy K. Altman appointed B&F as co-lead interim class counsel over the same counsel as represents Plaintiff McMillan here. In that case, B&F seeks a refund of ticket prices consumers paid for flights cancelled by Spirit Airlines. B&F has also been recently appointed as co-lead interim class counsel to represent university students seeking refunds of tuition and fees due to COVID-19. *See Qureshi v. American University*, Case No. 1:20-cv-01141-CRC, Dkt. No. 25 (July 31, 2020 D.D.C.). B&F will marshal this growing body of knowledge and expertise in COVID-19 related litigation for the benefit of class members here.

**4.      GLG and B&F Will Commit to the Case Whatever Resources Are Necessary**

Both GLG and B&F are well-established and successful law firms that have the resources and personnel necessary to pursue a case of this magnitude, as they have demonstrated in numerous similar class actions. Both firms have offices conveniently located within this District. As a result, the firms can fully utilize their resources and knowledge of local practice while minimizing attorneys' fees and costs, including for travel to court hearings. The firms' resources are not merely financial, but also include substantial expertise and work-product as discussed above, which were developed in other similar cases that will benefit the Class.

For example, in *Skold v. Intel*, No. 1-05-cv-039231 (Cal. Super. Ct. Santa Clara Cty.), GLG attorneys spent over ten years and advanced over $2 million on behalf of the class before ultimately reaching a settlement on the eve of trial. At the conclusion of the case, Judge Peter H. Kirwan wrote that it was "abundantly clear that Class Counsel invested an incredible amount of time and costs in a case which lasted approximately 10 years with no guarantee that they would prevail…. Simply put, Class Counsel earned their fees in this case."

Likewise, United States District Judge Morrison C. England, Jr. of the Eastern District of California appointed B&F as interim class counsel in *Melgar v. Zicam, LLC*, No. 2:14-cv-00160-MCE-AC (E.D. Cal. Oct. 29, 2014). Judge England's order noted that B&F "has extensive experience representing plaintiffs in large class actions, both in negotiating settlements and litigating through trial." *Id.* Judge England further commented that "Bursor & Fisher is a well-established, reputable firm that is up to handling the challenges of this litigation and is capable of committing the requisite resources to doing so. The Court is confident that Bursor & Fisher will fairly and adequately represent the interests of the class." *Id.* (citation omitted). Additionally, in appointing B&F as interim class counsel in *Rodriguez v. CitiMortgage*, Case No. 1:11-cv-4718 (PGG) (S.D.N.Y. Nov. 14, 2011), United States District Court Judge Paul G. Gardephe of the Southern District of New York recognized that B&F is a "well-established law firm" that "ha[s] the resources and personnel necessary to carry out large-scale class action litigation." Judge Gardephe further noted that he had "no reason to doubt that [counsel] will provide the necessary resources going forward to litigate this case." *Id.*

GLG and B&F will continue to commit the same resources and effort to this case as they have committed to their other successful consumer class action litigations.

## CONCLUSION

For the reasons stated above, Plaintiffs Kopfmann and Alcaraz respectfully request that the Court appoint Michael L. Schrag of GLG and L. Timothy Fisher of B&F to serve as co-lead interim class counsel. Other plaintiffs' attorneys may have the experience, knowledge, and resources to prosecute this case on behalf of consumers, but when appointing interim class counsel, the question is which firm is "best able" to represent the interests of the class. In this particular case, GLG's and B&F's class action experience and success, and their proven leadership in this case demonstrate that GLG and B&F are the firms best able to represent the class.

Dated: August 20, 2020                     Respectfully submitted,


**GIBBS LAW GROUP LLP**

*/s/ Michael L. Schrag*
Michael L. Schrag

Joshua J. Bloomfield
505 14th Street, Ste. 1110
Oakland, California 94612
Telephone: 510-350-9700
Facsimile: 510-350-9701
mls@classlawgroup.com
jjb@classlawgroup.com

*Attorneys for Plaintiff Michelle Kopfmann*
*and the Proposed Class*


**BURSOR & FISHER, P.A**.

*/s/ L. Timothy Fisher*
L. Timothy Fisher
Yeremey Krivoshey
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
ltfisher@bursor.com
ykrivoshey@bursor.com


**BURSOR & FISHER, P.A.**
Scott A. Bursor
701 Brickell Avenue, Suite 1420
Miami, FL 33131
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
scott@bursor.com

*Attorneys for Plaintiff Jason Alcaraz*
*and the Proposed Class*

MTN TO APPT. INT. CLASS COUNSEL
Case No. 20-md-2951-HSG