STEVEN D. LIDDLE (PHV)
sliddle@ldclassaction.com
NICHOLAS A. COULSON (PHV)
ncoulson@ldclassaction.com
**LIDDLE & DUBIN, P.C.**
975 E. Jefferson Ave.
Detroit, Michigan 48207
Tel: 313-392-0015; Fax 313-392-0025

*Attorneys for Plaintiff Matthew McMillan*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE: STUBHUB REFUND LITIGATION<br><br>This Document Relates to All Cases | Case No. 4:20-md-02951-HSG<br><br>**NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF NICHOLAS A. COULSON AS LEAD OR CO-LEAD INTERIM LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITES**<br><br>Date: October 22, 2020<br>Time: 20:00 p.m.<br>Place: Courtroom 2- 4th Floor<br>Judge: Hon. Haywood S. Gilliam, Jr. |

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on October 22, 2020, at 2:00 p.m. or as soon thereafter as the parties may be heard, Plaintiff Matthew McMillan will move this Court at the United States Courthouse located at 1301 Clay Street, Oakland CA 94612, before the Honorable Haywood S. Gilliam, Jr. in Courtroom 2, 4th Floor, for an order appointing Nicholas A. Coulson of Liddle & Dubin, P.C. lead or co-lead interim class counsel pursuant to Federal Rule of Civil Procedure 23(g). The motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the supporting declaration and exhibit, any oral arguments to be made at the hearing on this motion, and all other papers, documents or exhibits on file to be filed in this action.

**CIVIL LOCAL RULE 7-4(a)(3) STATEMENT OF ISSUES TO BE DECIDED**

Whether the Court should appoint Nicholas A. Coulson of Liddle & Dubin, P.C. to serve as interim class counsel pursuant to Federal Rule of Civil Procedure 23(g)(3).

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Matthew McMillan respectfully requests that the Court appoint his counsel, Nicholas A. Coulson of Liddle & Dubin, P.C. ("L&D") as interim lead or co-lead counsel for Plaintiffs and the putative class(es) in this MDL.

## I. INTRODUCTION

Mr. McMillan's counsel filed his case weeks and months before the other Actions and brought the motion for transfer that created this multidistrict litigation. *McMillan v. StubHub Inc. et al.*, was filed on April 2, 2020 in the Western District of Wisconsin. (WIWD Case No. 3:20-CV-00319). *McMillan* was filed approximately two weeks before *Alcaraz*, a month before *Kopfmann*, almost three months before *Wood*, and three-and-a-half months before *Dobner*. Mr. McMillan's case had sparked nationwide media coverage of an issue that had not been widely reported, well before *any* of the other Actions were filed.[1] According to StubHub itself, all of the later-filed actions are merely "carbon-cop[ies]' of *McMillan*. (*See* StubHub's Brief to the JPML, MDL No. 2951, [JPML ECF No. 19], 1; *see also id.* at 3 ("*McMillan* provides the best summary of the allegations because the remaining cases are essentially copies of the *McMillan* claim with slight variations.")). A number of the actions filed subsequent to *McMillan* were actual cut-and-paste jobs, such as *Reynolds* and the now-dismissed *Demaray v. StubHub, Inc.* Others, such as *Alcaraz, Kopfmann,* and *Wood*, were more subtly derivative. Curiously, *Dobner's* counsel filed an action against TicketMaster that was a near verbatim copy of the *McMillan* complaint. (*See Hansen v. TicketMaster Entertainment Inc.*, NDCA Case No. 3:20-cv-02685-EMC [ECF No. 1]).

Mr. Coulson has been deeply involved in investigating and bringing actions over the secondary ticket market's collapse even beyond Mr. McMillan's case. He filed cases against two of

---

[1] *See, e.g.* "Angry Fans Say First the Concerts Were Canceled, Then the Refunds" **New York Times**, April 8, 2020, https://www.nytimes.com/2020/04/08/arts/music/ticketmaster-refunds-coronavirus.html (last visited August 20, 2020); "StubHub Hit With $5M Class Action Lawsuit Over Coronavirus Refund Policy" **Billboard.com**, April 6, 2020, https://www.billboard.com/articles/business/legal-and-management/9352530/stubhub-5-million-class-action-lawsuit-coronavirus-refund-policy (last visited August 20, 2020); "StubHub Sued for Refunds for Coronavirus-Canceled Events" **Law360**, April 3, 2020 (https://www.law360.com/articles/1260159/stubhub-sued-for-refunds-for-coronavirus-canceled-events (last visited August 20, 2020);

StubHub's largest competitors, who were engaged in nearly identical conduct as is alleged in the instant litigation, before *Kopfmann, Snyder, Wood,* or *Dobner* were filed. (*See Snyder v. Seatgeek, Inc,* Case No. 1:20-CV-3248-VEC (S.D.N.Y.); *Nellis et al. v. Vivid Seats et al.*, Case No. 1:20-cv-02486 (N.D. Ill.). Mr. Coulson is uniquely situated amongst the various plaintiffs' counsel by virtue of his extensive experience successfully litigating class actions while being free from the "repeat player" problem that tends to plague MDLs.

While the later-filed actions are all derivative of *McMillan*, they contain one particularly significant difference. The *McMillan* class is defined as

> [a]ll persons residing in the United States or its territories **who opened StubHub accounts before October 1, 2018** and used StubHub to purchase tickets to any event which was subsequently canceled or is canceled at any point from March 25, 2020 until the date that notice of this class action is disseminated to the Class, and to whom Defendants have not provided a refund.

None of the other complaints contain the bolded limitation on the date that class members opened their StubHub accounts. This limitation is essential to the strength and potentially the viability of the Class' claims, because the arbitration clause in the user agreement StubHub had in place prior to October 1, 2018 has been held unenforceable and therefore null and void under California law. *See Wang v. StubHub, Inc.*, Case No. CGC18564120, 2018 Cal. Super. LEXIS 2320 (Super. Ct. S.F., June 11, 2018). StubHub has never obtained assent to its purported new user agreement, which does not contain the same "poison pill" that voided the arbitration clause in *Wang*, from existing users, but the argument is different for new users.

**II. ARGUMENT**

**A. The Court Should Appoint Nicholas A. Coulson of Liddle & Dubin, P.C. as Lead Counsel.**

It would be against the best interests of the Class for this litigation to proceed without Mr. Coulson's involvement in leading it. Well before many of the other Plaintiffs' counsel were likely even aware of the conduct at issue in this case, Mr. Coulson had thoroughly investigated, analyzed, and brought suit to rectify that conduct. Mr. Coulson filed the motion for transfer that resulted in the creation of this MDL, and contrary to certain assertions did support and ultimately argue for a

"StubHub-only" MDL. He has extensive experience litigating class actions, having been appointed to represent plaintiffs in dozens of classes. However, he has not previously sought or been appointed to a leadership position in an MDL, whereas competing attorneys who have may be subject to the oft-identified "repeat player" problem in MDLs.[2] His appointment would also further the noted MDL goal of diversity of age and experience, as the appointment of qualified, younger attorneys to leadership positions brings "new approaches and ideas" to litigation. *In re Zantac (Ranitidine) Prods. Liab. Litig.*, No. 2924, 2020 U.S. Dist. LEXIS 81742, at *26 (S.D. Fla. May 8, 2020).

### 1. Proposed Lead Counsel Initially Identified and Investigated the Claims Involved in this Litigation.

StubHub itself admits that *"McMillan* provides the best summary of the allegations because the remaining cases are essentially copies of the *McMillan* claim with slight variations." StubHub's Brief to the JPML, MDL No. 2951, [JPML ECF No. 19], 3. *McMillan* was widely reported on well before the other Actions were ever filed. The important work of identifying, investigating, and bringing the claims in this litigation was done before any other counsel signed their name to a complaint. It is remarkable to view the presently-filed motions for appointment of lead counsel and see just how many of the "investigative" tasks performed by other counsel were or could have been performed just by reading the *McMillan* complaint.

Beyond initially identifying, investigating, researching, and bringing the claims at issue, Nicholas. Coulson and L&D: received and reviewed survey submissions from *thousands* of cheated ticket-buyers; formulated the strongest approach to combating StubHub's arbitration defense, which includes utilizing a class definition that no other Plaintiff's counsel pled; drafted and served a CLRA notice on behalf of Plaintiff and the Class well before any other Plaintiff's counsel; filed the motion for transfer that led to the creation of this MDL, supporting the creation of a "StubHub-only" MDL; and interviewed dozens of StubHub users regarding communications related to

---

[2] "While the temptation to appoint repeat players is understandable because judges know that their personalities are conducive to deal making and that they are dependable emissaries, convenience should not outweigh constitutional due process. Alleviating adequate-representation concerns demands a healthy infusion of new entrants, procedures that tolerate and promote dissent, and special appointments to represent plaintiffs with conflicting interests." Elizabeth Chamblee Burch, Judging Multidistrict Litigation, 90 N.Y.U. L. REV. 71, 95 (2015).

StubHub's various user agreements.

### 2. Proposed Lead Counsel is Experienced in Handling Class Actions and Other Complex Litigation, And Has Extensive Knowledge of the Applicable Substantive, Procedural, and Subject-Matter Law.

Nicholas Coulson has been appointed to represent certified classes in dozens of class actions. (Declaration of Nicholas A. Coulson ("Coulson Decl.") ¶ 6). He has specific experience in high-stakes consumer class action involving many of the same California causes of action at issue here. Recently, he was appointed class counsel in *McKnight v. Uber Techs., Inc.*, wherein the court approved a $32.5 million dollar settlement for a nationwide class whose claims stemmed from an allegedly unlawful fee charged to users of Uber's transportation app. *McKnight v. Uber Techs., Inc.*, No. 14-cv-05615-JST, 2017 U.S. Dist. LEXIS 124534, at *23 (N.D. Cal. Aug. 7, 2017). This came after Uber filed a motion to enforce an arbitration clause in its user agreement, something that is fully expected to occur in the instant case.

Mr. Coulson is actively litigating two similar cases against StubHub's competitors in federal courts, as well as a case against TicketMaster and LiveNation involving the failure to provide refunds for cancelled events. (*See Tezak v. Live Nation Entertainment, et al*, Case No. 1:20-cv-2482 (N.D. Ill.). Long before it was on other attorneys' radar. Mr. Coulson was uncovering the specifics of the secondary ticketing market's collapse and the subsequent theft that was imposed on its customers. Of Mr. Coulson's previous work, one federal court noted that "Class Counsel skillfully and vigorously investigated and prosecuted the Class's claims. Moreover, Counsel obtained a material recovery for the Class quickly: approximately a year passed from the filing of the Complaint to the Motion for Settlement. Absent the skill and efficiency of Class Counsel, it is also unlikely that individual Class Members could have obtained any recovery[.]" *Batties v. Waste Mgmt. of Pa., Inc.*, No. 14-7013, 2016 U.S. Dist. LEXIS 186335, at *47 (E.D. Pa. May 11, 2016). Had Mr. Coulson not filed *McMillan*, the same may be true here. Mr. Coulson has also successfully argued class action appeals in state and federal courts. *See Baptiste v. Bethlehem Landfill Co.*, 965 F.3d 214 (3d Cir. 2020); *Clark-Floyd Landfill, LLC v. Gonzalez*, No. 19A-CT-2680, 2020 Ind. App. LEXIS 257, at *21 (Ct. App. June 18, 2020).

L&D has recovered many millions of dollars for members of dozens of certified classes.

*See, e.g., Lessard v. Allen Park*, Case No. 00-74306, 372 F. Supp. 2d 1007 (E.D. Mich. 2005) ($12.75 million settlement); *Michaely v. Browning-Ferris Industries of California, Inc.*, Case No. BC 497125 (CA Super. Ct., - County of Los Angeles, Feb. 8, 2019)(Final Approval of $9.5 million settlement granted) ; *Domino v. Livonia,* Case No. 11-010285-NZ (Wayne Cty., MI Cir. Ct., June 16, 2015) (Final approval of $5.5 million settlement granted). In addition to Mr. Coulson, L&D employs five other attorneys whose practice is devoted to the prosecution of class actions. (Coulson Decl. ¶ 10). Various attorneys at the Firm have been named Michigan Lawyer of the Year for representing plaintiffs in class actions; clerked for federal courts of appeals; and taught law school courses on complex litigation, including class actions. (*Id.*). (*See also* Coulson Decl. ¶ 7).

The Firm was appointed as interim co-lead and co-class counsel in *Holder, et al. v. Enbridge Energy, L.P.* which resulted in a common-fund settlement of $6.5 million. (W.D.Mich. Case No. 1:10-cv-00752-GJQ [Dkt. No. 63]; [Dkt. No. 222]; [Dkt. No. 227]). The firm's successes in the last five years additionally include *Ross, et al. v. USX Company*, Case No. G.D. 17-008663 (Allegheny Cty., PA Ct. of Common Pleas, February 24, 2020) (Final approval of $8.5 million settlement granted); *Sinclair v. Grosse Pointe Farms*, Case No. 11-011115-NZ (Wayne Cty., MI Cir. Ct., December 8, 2017) (Final approval of $4 million settlement granted); *Bright v. Wake County Disposal, Inc.*, Case No. 18-CVS-10976 (Wake Cty., NC Gen. Ct. of Justice, March 11, 2020) (Final approval of $2.15 million settlement granted); *Beck v. Stony Hollow Landfill, Inc.*, Case No. 3:16-cv-00455-TMR (S.D. Ohio, Nov. 26, 2018) (Final Approval Granted in $3.325 million settlement); *Batties v. Waste Management of Pennsylvania, Inc.,* Civ. No. 14-7013 (E.D. Pa., May 11, 2016) (Final Approval Granted in $2 million settlement); *Brown v. Rhode Island Resource Recovery Corporation*, C.A. No. PC 2015-0947 (Providence, Rhode Island Super. Ct., September 7, 2018) (Final Approval Granted in $1.25 million settlement); *Johnston v. Deffenbaugh Disposal, Inc.* Case No. 2:16-cv-02648 (D. Kan) ($2.25 million settlement approved); *Ng. v. International Disposal Corp. of California*, Case No. 112CV228591 (CA Super. Ct., Cty. of Santa Clara, July 13, 2018); *Connors v. Amerities*, Civil Action No. 16-CV-25390 (Oregon Cir. Ct., Wasco County, September 6, 2018) (Final Approval Granted in $1.5 million settlement); *Dabney v. Taminco U.S., Inc.*, Case No. 3:15-cv-533 (N.D. Fla., December 4, 2017) (Final Approval

Granted in $947,000 settlement); *Averett v. Metalworking Lubricants CO.*, Case No. 1:15-cv-01509 (S.D. Ind., November 27, 2017) (Final Approval Granted in $1 million settlement); *Keech v. Sanimax USA, LLC*, No. 18-683 (JRT/HB), 2020 U.S. Dist. LEXIS 97475, at *10 (D. Minn. June 3, 2020).

### 3. **Proposed Lead Counsel Will Commit All Resources Necessary to Representing the Class.**

As an established and successful class action law firm, L&D, regularly invests hundreds of attorney hours and many tens of thousands of dollars into litigating on behalf of its clients. *See, e.g., Ng. v. International Disposal Corp. of California*, Case No. 112CV228591 (CA Super. Court, Cty. of Santa Clara, Final Approval Granted July 13, 2018) (over $200,000 in advanced costs reimbursed); *Sinclair v. Grosse Pointe* Farms, Case No. 11-011115-NZ (Wayne Cty., MI Cir. Ct., December 18, 2017Order) (reimbursing $202,868.72 in costs and expenses); *Batties v. Waste Mgmt. of Pa., Inc.*, No. 14-7013, 2016 U.S. Dist. LEXIS 186335, at *52 (E.D. Pa. May 11, 2016) (reimbursing $59,802.47 in advanced expenses); *Dabney v. Taminco U.S. Inc.,*, Case No. 3:15-cv-MCR-EMT (N.D. Fla. Dec. 4, 2017) ([Dkt. No. 111]) (reimbursing $64,531.39 in advanced expenses). Here, we will commit whatever financial resources and attorney efforts are required in order to ensure that the Class is zealously represented and obtains the best outcome possible under the circumstances.

### 4. **The Approach Taken by Other Plaintiffs' Counsel Risks Diluting the Claims of Class Members Who Created StubHub Accounts Prior to October 1, 2018. At a Minimum, Mr. Coulson Should Be Appointed Co-Lead Counsel to Protect Their Interests.**

Mr. Coulson and L&D agree with *Wood* counsel that public injunctive relief, which should survive any effort to compel arbitration, is an important aspect of this case. But Mr. McMillan's counsel provides the strongest avenue for class members to obtain *damages*, because his is the only complaint that does not lump class members in together regardless of the version of Defendants' user agreement to which they may be bound. There are potentially dispositive differences between

pre-October 1, 2018 users and those who signed up later. If the Court only appoints counsel who chose to treat them the same, the former risks losing its ability to collect damages. Mr. Coulson is committed to advancing all meritorious claims on behalf of StubHub's cheated customers, but the leadership appointment in this case should reflect the significance of the varying arbitration agreements and the counsel who identified the issue.

### III. CONCLUSION

There are a number of qualified attorneys seeking appointment to represent the putative Class. Nicholas Coulson and L&D are uniquely suited among them given their work in identifying and investigating the claims in this case, their extensive experience successfully prosecuting class actions, their knowledge of the applicable law, and the resources they will bring to bear in support of the Class. Mr. Coulson's appointment would provide diversity of age and experience, and his response to the anticipated arbitration defense is an example of the innovative "approaches and ideas" that MDL Courts seek in younger leadership. Mr. Coulson is more than willing to serve alongside one or more other attorneys, and submits that a two-attorney co-lead structure would best represent the potentially varying interests of class members who created StubHub accounts before and after October 1, 2018. In the best interests of the Class, Mr. Coulson should be among those attorneys.

**LIDDLE & DUBIN, P.C.**

s/ Nicholas A. Coulson
Steven D. Liddle*
Nicholas A. Coulson *
ncoulson@ldclassaction.com
975 E. Jefferson Avenue
Detroit, Michigan 48207
Tel: 313-392-0015
Fax: 313-392-0025
ncoulson@ldclassaction.com
sliddle@ldclassaction.com
*pro hac vice