1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: STUBHUB REFUND

LITIGATION

This document relates to:
*Reynolds v. StubHub, Inc.*,
Case No. 1:20-cv-03508

Case No. 20-md-02951-HSG

**ORDER GRANTING MOTION TO DISMISS PLAINTIFF REYNOLDS' COMPLAINT WITHOUT PREJUDICE**

Re: Dkt. No. 20

Pending before the Court is the motion to dismiss Plaintiff Diane Reynolds' complaint, filed by Defendants StubHub, Inc. and Last Minute Transactions, Inc.  *See* Dkt. No. 20.  For the reasons detailed below, the Court **GRANTS** the motion.

Plaintiff Reynolds filed a complaint against Defendants in the Southern District of New York on May 5, 2020.  *See Reynolds v. StubHub*, Case No. 1:20-03508 (S.D.N.Y.).  The court notified Plaintiff Reynolds of deficiencies in the filing, at which point she refiled the complaint on May 7, 2020.  *See id.*  However, Plaintiff Reynolds never served Defendants.

On August 6, 2020, the Judicial Panel on Multidistrict Litigation transferred several cases against StubHub for coordinated or consolidated pretrial proceedings with related actions already pending before this Court, including *Reynolds v. StubHub*.  *See In re: StubHub Refund Litigation*, Case No. 20-md-02951-HSG, Dkt. No. 1.  Defendants filed the pending motion to dismiss on September 9, 2020.  *See* Dkt. No. 20.  Plaintiff Reynolds failed to respond to the motion by the September 23, 2020, deadline.  The Court subsequently ordered Plaintiff Reynolds to show cause why her complaint should not be dismissed for failure to prosecute.  *See* Dkt. No. 21.  Again,

United States District Court
Northern District of California

1  Plaintiff Reynolds failed to respond by the deadline.  The Court then set a telephonic hearing on

2  the order to show cause for October 13, 2020.  *See* Dkt. No. 22.  Neither Plaintiff Reynolds nor

3  her counsel was present on the call.  *See* Dkt. No. 23.  During the hearing, Defendants explained

4  that they have in fact never heard from Plaintiff Reynolds, despite serving and copying her on all

5  filings in this action.  As of the date of this order, Plaintiff Reynolds still has not served

6  Defendants and has not participated in this action.

7      Federal Rule of Civil Procedure 41(b) provides that where a "plaintiff fails to prosecute or

8  to comply with these rules or a court order, a defendant may move to dismiss the action or any

9  claim against it."  Fed. R. Civ. P. 41(b).  "Despite this authority, dismissal is a harsh penalty and,

10  therefore, it should only be imposed in extreme circumstances."  *Ferdik v. Bonzelet*, 963 F.3d

11  1258, 1260 (9th Cir. 1992); *see also* Fed. R. Civ. P. 41(b) (stating that dismissal for failure to

12  prosecute "operates as an adjudication on the merits" unless the order says otherwise).  Courts

13  "must weigh five factors" in determining whether to dismiss a case for failure to prosecute:

14  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its

15  docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

16  cases on their merits; and (5) the availability of less drastic alternatives."  *See Ferdik*, 963 F.3d at

17  1260–61.  Here, the Court considers each factor in turn, and finds that they weigh in favor of

18  dismissal.  Plaintiff Reynolds has failed to participate in any way in this litigation.  Although she

19  filed a complaint, she never served Defendants.

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

1   Moreover, the Court provided Plaintiff Reynolds with an opportunity to be heard and

2   explain why dismissal of her complaint was not appropriate.  But she failed to file a response and

3   did not appear at the telephonic order to show cause hearing.  The Court finds that under the

4   circumstances, dismissal without prejudice is the least drastic alternative, and the appropriate

5   sanction given the facts of the case.  Accordingly, the Court **GRANTS** the motion to dismiss and

6   **DISMISSES** Plaintiff Reynolds' complaint **WITHOUT PREJUDICE** for failure to prosecute.

7   **IT IS SO ORDERED.**

8   Dated:  October 16, 2020

9

10   HAYWOOD S. GILLIAM, JR.
     United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California