UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: STUBHUB REFUND LITIGATION<br><br>This Document Relates to All Cases | Case No. 20-md-02951-HSG<br><br>**ORDER GRANTING TINA WOLFSON AND TIASHA PALIKOVIC'S MOTION TO APPOINT INTERIM CLASS COUNSEL**<br><br>Re: Dkt. Nos. 9, 10, 11 |

Pending before the Court are three competing motions to appoint interim class counsel. *See* Dkt. Nos. 9, 10, 11. The Court heard argument on October 22, 2020. *See* Dkt. No. 26. For the reasons detailed below, the Court **GRANTS** Tina Wolfson and Tiasha Palikovic's motion, Dkt. No. 9, and **DENIES** the other motions, Dkt. Nos. 10, 11.

Under Federal Rule of Civil Procedure 23(g)(3), a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23. A court should "designate interim counsel during the pre-certification period if necessary to protect the interests of the putative class." *See Wang v. OCZ Tech. Grp., Inc.*, No. C 11-01415 PSG, at *4 (N.D. Cal. June 29, 2011) (citing Fed. R. Civ. P. 23). Although Rule 23(g)(3) does not provide a standard for appointment of interim counsel, courts typically look to the factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A). *See, e.g.*, *In re Seagate Tech. LLC Litig.*, No. 16-CV-00523-RMW, 2016 WL 3401989, at *2 (N.D. Cal. June 21, 2016). These factors are:

> (1) the work counsel has done in identifying or investigating potential claims in the action;
> (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

>  (3) counsel's knowledge of the applicable law; and
>  (4) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." *See* Fed. R. Civ. P. 23(g)(1)(B). When faced with competing applications for interim class counsel, the Court "must appoint the applicant best able to represent the interests of the class." *See* Fed. R. Civ. P. 23(g)(2).

On August 20, 2020, Plaintiffs in four of the member cases filed motions to appoint interim lead counsel:

- Plaintiff Stephanie Wood filed a motion to appoint her counsel, Tina Wolfson of Ahdoot & Wolfson, PC and Tiasha Palikovic of Wittels McInturff Palikovic as Interim Co-Lead Counsel. *See* Dkt. No. 9.
- Plaintiffs Michelle Kopfmann and Jason Alcaraz filed a motion to appoint their counsel, Michael L. Schrag of Gibbs Law Group and L. Timothy Fisher of Bursor & Fisher as Interim Co-Lead Counsel. *See* Dkt. No. 10.
- Plaintiff Matthew McMillan filed a motion to appoint his counsel, Nicholas A. Coulson of Liddle & Dubin, P.C. as Interim Lead Counsel. *See* Dkt. No. 11.

Without dispute, all of the applicants are capable and experienced class counsel. Having considered all three motions and the factors set forth in Rule 23(g)(1), the Court finds that Tina Wolfson and Tiasha Palikovic have proposed a cogent legal strategy, as well as a process for ensuring that counsel work and bill efficiently in this matter. Ms. Wolfson and Ms. Palikovic also demonstrated careful attention to creating a diverse team. In short, the Court finds that they would best represent the interests of the putative class in this case, and hereby appoints them to serve as Interim Co-Lead Counsel. Interim Co-Lead Counsel will be generally responsible for the overall conduct of the litigation on behalf of the putative class and will have the following specific responsibilities:

1. Determine and present to the Court and opposing parties the position of Plaintiffs and putative class members on all matters arising during pretrial proceedings;
2. Enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

2

3. Coordinate the initiation and conduct of discovery on behalf of Plaintiffs and putative class members, including the preparation of joint interrogatories and requests for the production of documents and the examination of witnesses in depositions;
4. Hire expert witnesses and consultants on behalf of the putative class, as needed to prepare for class certification or trial, and advance other costs that may be reasonable and necessary to the conduct of the litigation;
5. Conduct settlement negotiations on behalf of Plaintiffs and putative class members, where appropriate, and to present any proposed settlements to the Court on behalf of putative class members;
6. Prepare and distribute status reports to any other law firms that may appear in the case to represent putative class members;
7. Monitor the activities of any other law firms that may appear in the case to represent putative class members, and, where appropriate, allocate work assignments to such firms;
8. Collect and maintain all Plaintiffs' counsels' contemporaneously recorded time records, and to ensure that unnecessary expenditures of time and funds are avoided; and
9. Perform such other duties as may be incidental to the proper prosecution and coordination of pretrial activities on behalf of Plaintiffs and the putative class or authorized by further order of this Court.

Additionally, Interim Co-Lead Counsel shall take the following steps to ensure efficiency in representing the putative class in the instant case, as agreed upon in the proposed time and expense reporting protocol. *See* Dkt. No. 27-1, Ex. 1. *First*, Interim Co-Lead Counsel shall review all billing records for all billers every month and strike duplicative or inefficient billing. *Second*, all billing shall be contemporaneous, meaning that billing for each task shall be recorded within seven days of the task. *Third*, all billing shall be recorded by task, rather than by block billing. *Fourth*, only work that has been assigned shall be eligible for compensation. *Lastly*, Interim Co-Lead Counsel shall impose and enforce limits on the number of lawyers assigned to

3

each task.

The Court further **SETS** a telephonic case management conference on December 8, 2020, at 2:00 p.m.  All counsel shall use the following dial-in information to access the call:

**Dial-In:**  888-808-6929

**Passcode:**  6064255

The parties shall file their joint case management statement by December 1, 2020.  The parties should be prepared to discuss the case schedule.

**IT IS SO ORDERED.**

Dated:  11/18/2020

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge