United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: STUBHUB REFUND LITIGATION<br><br>This Document Relates to All Cases | Case No. 20-md-02951-HSG<br><br>**ORDER REGARDING MOTION TO COMPEL ARBITRATION**<br><br>Re: Dkt. No. 39 |

On April 22, 2021, the Court held a hearing on Defendant StubHub, Inc.'s motion to compel arbitration. Dkt. No. 39. On the day of the hearing, Plaintiffs filed an administrative motion to introduce additional materials in opposition to the motion, including four screenshots of the "sign in" and "checkout" screens from Defendant's mobile application. *See* Dkt. No. 54. Although the Court denied the administrative motion as improper, during the hearing Plaintiffs suggested that the existence of an agreement between the parties to arbitrate may depend on whether Plaintiffs purchased tickets on Defendant's website or mobile application. In support of its motion to compel, Defendant submitted a declaration from Todd Northcutt, a Senior Director of Product Management at StubHub, which made only fleeting reference to Defendant's mobile application. *See* Dkt. No. 39-1. Mr. Northcutt acknowledged that users may purchase tickets either through the website or mobile application. *See id.* at ¶¶ 4, 7, 12. He further asserted that "notification that users are agreeing to the StubHub User Agreement is provided to all users," "whether a user signs up on the StubHub website or the StubHub app." *See id.* at ¶ 11. During the April 22 hearing, Defendant also suggested that users cannot purchase tickets through the mobile application as "guests."

Because Plaintiffs only raised the possible distinction between the website and the mobile

application at the hearing on the motion to compel, the Court will provide Defendant with the opportunity to respond to this new argument. In particular, Defendant may (1) address whether it has records confirming how any of the named Plaintiffs purchased tickets (*i.e.*, through the mobile application or on the website); (2) provide evidence as to whether Plaintiffs could have purchased tickets as "guests" on the mobile application; and (3) provide any materials reflecting relevant differences between the processes for purchasing tickets on the website as compared to the mobile application. Defendant shall file a supplemental brief of no more than seven pages by May 4, 2021. Unless the Court orders otherwise, the motion will be deemed submitted at that time with no further argument or briefing.

**IT IS SO ORDERED.**

Dated: 4/27/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge