UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: STUBHUB REFUND LITIGATION<br><br>This Document Relates to All Cases | Case No. 20-md-02951-HSG<br><br>**ORDER REGARDING MOTION TO COMPEL ARBITRATION** |

On November 22, 2021, the Court granted in part and denied in part Defendant StubHub Inc.'s motion to compel arbitration. *See* Dkt. No. 62 (the "Arbitration Order"). The parties later appeared to disagree about the scope and import of the Arbitration Order, and the Court directed the parties to file simultaneous letter briefs explaining the nature of the dispute and laying out their positions. *See* Dkt. Nos. 72, 73. Having reviewed the letter briefs, it is clear that the parties disagree about which claims are compelled to arbitration and which claims remain pending before this Court.

StubHub argues that Plaintiffs are interpreting the Arbitration Order too broadly. *See* Dkt. No. 75. In their letter briefs, Plaintiffs assert that the Arbitration Order does not compel arbitration of *any* of their California causes of action based on the California Supreme Court's decision in *McGill v. Citibank, N.A.*, 2 Cal. 5th 945 (2017). *See* Dkt. No. 73. During the hearing on this issue, however, Plaintiffs conceded that *McGill* does not apply to their California common law causes of action. Plaintiffs' claims for conversion, restitution, negligent misrepresentation, unjust enrichment, and breach of contract are therefore compelled to arbitration as to those

Plaintiffs who purchased their tickets on the StubHub website.[1]  *See* Dkt. No. 36 at ¶¶ 158–191.  The only outstanding question, therefore, is which if any of the California statutory claims must be arbitrated.

Plaintiffs have brought causes of action under California's Consumer Legal Remedies Act ("CLRA"), Unfair Competition Law ("UCL"), and False Advertising Law ("FAL").  *See id.* at ¶¶ 122–157.  StubHub appears to argue that only the claims for public injunctive relief as to these causes of action must remain before this Court, and everything else—including claims for monetary damages and restitution—should be arbitrated.  *See* Dkt. Nos. 75, 84.  This precise issue was not raised in the parties' briefing on the motion to compel.  For the avoidance of doubt, however, the Court clarifies that it is bound by the Ninth Circuit's opinion in *Blair v. Rent-A-Ctr., Inc.*, 928 F.3d 819, 831–32 (9th Cir. 2019).

In *Blair*, the Ninth Circuit held that the Federal Arbitration Act does not preempt the *McGill* rule because parties may still arbitrate requests for public injunctive relief.  *See id.* at 824–31.  Because the arbitration agreement in *Blair* prohibited public injunctive relief in any forum, however, the Court considered the agreement's severance clause.  *See id.* at 831–32.  The clause read:

> If there is a final judicial determination that applicable law precludes enforcement of this Paragraph's limitations as to a particular claim for relief, then that claim (and only that claim) must be severed from the arbitration and may be brought in court.

*Id.* at 831.  Rent-A-Center argued that "claim for relief" "refer[red] only to a particular remedy, not to the underlying claim," and therefore the severance clause "carve[d] out only the potential public injunctive remedy for these causes of action."  *Id.*  In other words, the arbitrator had to "adjudicate liability first."  *Id.*  The Ninth Circuit acknowledged that "[p]arties are welcome to agree to split decisionmaking between a court and an arbitrator in this manner."  *Id.*  However,

---

[1] The Court denied the motion to compel arbitration as to those Plaintiffs who purchased their tickets on the StubHub mobile app.  *See* Dkt. No. 62.  The Court understands that StubHub has filed an amended motion to compel arbitration as to these Plaintiffs.  *See* Dkt. No. 71.  And the Court will address these arguments in due course following the hearing on that motion.

parties must do so clearly. The Ninth Circuit rejected Rent-A-Center's reading of the severance clause as unnatural. The Court explained that "[a] 'claim for relief,' as that term is ordinarily used, is synonymous with 'claim' or 'cause of action.'" *Id.* (citations omitted). The Ninth Circuit therefore concluded that "the entire claim [must] be severed for judicial determination." *Id.* at 832.

The severance clause at issue in this case is nearly identical to the one in *Blair*:

> If a court decides that applicable law precludes enforcement of any of this paragraph's limitations as to a particular claim for relief, then subject to your and StubHub's right to appeal the court's decision, that claim (and only that claim) must be severed from the arbitration and may be brought in court.

Dkt. No. 39-2, Ex. A at 15–16. As in *Blair*, "claim for relief" simply means "claim" or "cause of action." Accordingly, the Court concludes that the entire UCL, CLRA, and FAL claims must be severed for judicial determination, and not just the request for public injunctive relief. These California statutory claims are not compelled to arbitration.

**IT IS SO ORDERED.**

Dated: 4/6/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge

3