UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE STUBHUB REFUND LITIGATION | Case No. 20-md-02951-HSG (TSH)<br><br>**[TENTATIVE] DISCOVERY ORDER**<br>Re: Dkt. No. 97 |

The Court issues this tentative discovery order so that the parties can better focus their arguments at the May 20, 2022 hearing in this matter.

\*     \*     \*

The parties have filed a joint discovery letter brief in which Plaintiffs take issue with StubHub's responses to their requests for production ("RFPs"). ECF No. 97. The Court held a hearing on May 20, 2022 and now issues the following order.

**A.    Classwide Discovery**

Plaintiffs move to compel on RFPs 1-8 and 12-15. These RFPs ask for documents concerning the number of events for which StubHub sold tickets that were canceled, rescheduled or postponed due to Covid; the total number of tickets it sold for such events; the number and amount of cash refunds users requested or that StubHub provided for such events; and StubHub's revenues and total amounts of money received for ticket sales for such events.

StubHub does not dispute that this discovery is relevant to the merits of Plaintiffs' claims, and it would be hard pressed to, as this discovery is relevant and proportional to classwide damages and restitution under the CLRA, UCL and FAL. StubHub argues that discovery should be bifurcated and that until a class is certified, discovery should be permitted only as to issues

concerning the Rule 23 standards for class certification.  However, Judge Gilliam has explained that discovery in this proceeding is not bifurcated.  ECF No. 98.  Regardless, the documents sought by these RFPs are also relevant to commonality and predominance.  It is difficult to evaluate commonality and predominance without knowing the scale of the conduct at issue.

Accordingly, the Court grants Plaintiffs' motion to compel as to RFPs 1-8 and 12-15.

**B.     Time Frame**

Plaintiffs' RFPs defined the relevant time frame as January 1, 2016 through the present.  StubHub's general objection 11 objects to that time frame and says that StubHub will produce documents only from March 1, 2019 to the present, an objection it repeats in its responses to nearly every RFP.  (And the RFP responses that do not specifically repeat that objection direct Plaintiffs to a different RFP response that does.)

For many of these RFPs, the time frame objection doesn't matter.  Consider RFP 1: "Documents sufficient to show the number of events for which You sold Tickets that were cancelled due to Covid-19."  Obviously, nothing before March 1, 2019 would be responsive to that RFP.  The Court assumes that this time frame dispute is immaterial for the RFPs that ask directly about Covid-19.  In other words, the Court believes that categorically overruling StubHub's time frame objection imposes no discovery burden on StubHub for the RFPs that directly address Covid-19.

Where the time frame objection matters is for the RFPs that seek bait-and-switch evidence.  You may recall that the central theory of the case is that StubHub enticed customers to buy tickets with its trademarked "FanProtect Guarantee," which for at least 14 years was an important part of the StubHub brand (or, at least, that's what Plaintiffs allege).  Plaintiffs allege that when Covid-19 hit, StubHub unilaterally switched its guarantee from issuing cash refunds to issuing useless credits, a change in practice that customers would not have understood given StubHub's longstanding practice of issuing cash refunds.

Many of Plaintiffs' RFPs are directed to this alleged change in practice.  Several seek documents about how events were classified as canceled, postponed, or rescheduled, and how those definitions may have changed over time (RFPs 9-11).  Others seek documents about

1  StubHub's refund policy over time, including changes to it and how it has been communicated to
2  customers (RFPs 20-22, 25, 27-35).  These RFPs are a legitimate attempt to take discovery into
3  the bait-and-switch allegations that are central to Plaintiffs' theory of the case.  The Court is not
4  saying it would permit discovery into the entire 14 years of cash refunds that preceded Covid-19,
5  but a beginning date of January 1, 2016 allows for proper discovery into these issues while
6  remaining proportional to the needs of the case.
7       Accordingly, StubHub's objection to Plaintiffs' defined time period is overruled.

**C.    Vagueness and Definitional Objections**

StubHub objects throughout its RFP responses that the terms "canceled," "rescheduled," "postponed," "not rescheduled," "refunds," "concerning," "versions," "refund and cancellation polices," "internal documents," "relating to," "efforts," "notify," "policy to stop refunding," "internal policies and procedures," "your refund policies," "promotional materials," "advertisements," "marketing," "third-party," "policies," "policy," "complaints," "informal complaints," "informal inquiry," "enforcement actions," and "events" are vague and ambiguous. The Court overrules those objections because these terms are commonly understood.  If StubHub wants to impose a geographical limitation on the term "events," it must serve amended RFP responses that clearly state what geographical limitation StubHub is imposing, and then the parties can meet and confer about that and file a joint discovery letter brief if necessary.  If there needs to be a fight about whether discovery is limited to events in the United States, or whether discovery reaches all ticket sales in the United States (i.e., what do we do with a Seattle resident who bought a ticket to a concert in Vancouver?), let's have that fight.  StubHub may not secretly impose a geographical limitation by pretending it doesn't know what the word "events" means.

StubHub also objects to many of the RFPs that ask about its ticket sales, asserting that it is not a "ticket seller" but is a "ticket marketplace" in which third-party sellers sell the tickets to buyers.  However, StubHub is obligated to use common sense in interpreting discovery requests.  When Plaintiffs ask about tickets that StubHub sold, they are obviously asking about tickets sold on the StubHub marketplace.  Accordingly, this objection is also overruled.

### D. Government and Third-Party Investigations and Complaints

Plaintiffs move to compel on RFPs 36-39. RFP 36 asks for "Documents and Communications in Your possession, custody, or control relating to any third-party investigations into StubHub's refund Policies during the Relevant Time Frame." The Court cannot determine whether this RFP seeks relevant and proportional discovery. Whether documents responsive to RFP 36 are relevant would depend on what exactly the third-party is or was investigating concerning StubHub's refund policies, which the Court doesn't know, and presumably every third-party investigation that commenced before March 2020 would be irrelevant. The Court therefore denies the motion to compel as to RFP 36.

RFPs 37 ("All formal or informal complaints related to Your refund Policy that a governmental entity or enforcement agency filed against you during the Relevant Time Frame."), 38 ("Documents you have provided to any government entity or enforcement agency in response to a formal Complaint or informal inquiry related to Your refund Policies during the Relevant Time Frame."), and 39 ("Documents related to any enforcement actions brought against You involving Your refund Policies.") all have the same problem. The motion compel is therefore denied as to those RFPs as well.

### E. Rule 34

Plaintiffs are correct that StubHub's responses to RFPs 1-39 violate Rule 34, which provides that "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. Proc. 34 (b)(2)(C). The Court orders StubHub to serve amended responses within 14 days specifying whether it is withholding documents for each objection asserted, including each of its general objections. The Court denies Plaintiffs' request to strike StubHub's general objections.

### F. Dates of Production

Plaintiffs state that StubHub has stated that it intends to produce documents on a rolling basis and it has not specified the beginning and end dates of the production. StubHub states that it has begun producing documents, so in fact there was a beginning date of document production. StubHub states that it cannot provide an end date of production because the parties have not

exchanged custodians and search terms.

The Court declines to order StubHub to provide an end date for its document production. Instead, as discovery progresses, if Plaintiffs believe document production has been too slow, they should meet and confer with StubHub about that and raise this issue in a joint discovery letter brief if necessary.

**G.      Privilege Logs**

Plaintiffs have requested rolling privilege logs to go along with the rolling document productions. StubHub states that it will produce a single privilege log at the conclusion of its document production.

Producing a privilege log is a gating item to raising disputes about privilege, and the Court's experience is that document productions are often completed close to the end of fact discovery. It is not a good idea to wait until very late in fact discovery to start raising privilege disputes; those should be raised early. Accordingly, the Court orders StubHub to produce privilege logs on a rolling basis.

**IT IS SO ORDERED.**

Dated: May 19, 2022

_____
THOMAS S. HIXSON
United States Magistrate Judge