UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE STUBHUB REFUND LITIGATION | Case No. 20-md-02951-HSG (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 183 |

This order is about agreements. Without them, courts would have to rule on everything, and litigation would be even more expensive than it already is. Courts encourage parties to work out things like ESI protocols and other procedures governing discovery. We do this because we assume that the parties have some idea what they want to obtain in discovery, they know much better than the Court does what is possible or feasible, and they are best able to estimate the costs involved in whatever they agree to do. And when parties reach an agreement, we ordinarily need to hold them to it. Otherwise, if discovery agreements routinely turn out to be worthless and unenforceable, we deprive the parties of any reason to enter into them.

In this case, the parties agreed to, and the Court ordered, an ESI Protocol. ECF No. 96. At issue here are the Technical Specifications for Document Production in Appendix 1 to the Protocol. The specifications state that for the Production of ESI: "Email repositories, also known as email databases (e.g., Outlook .PST, Lotus .NSF), can contain a variety of items, including messages, calendars, contacts, tasks, etc. *For purposes of production, responsive items should include* the 'Email' metadata/database fields outlined in the Metadata Table, including but not limited to all parent items (mail, calendar, contacts, tasks, notes, etc.) *and child files* (attachments of files to email, *hyperlinks to internal or nonpublic documents*, or other items), with the

parent/child relationship preserved.  Similar items found and collected outside an email repository (e.g., .MSG, .EML, .HTM, .MHT) should be produced in the same manner." ECF No. 96 at 12 (emphasis added).

The specifications go on to state: "*A document and all* other documents in its attachment range, emails with attachments, and email or other documents *together with any documents referenced by document stubs or via links to internal document sources within those emails* or other documents *all constitute family groups. If any member of a family group is produced, all members of that group must be also be produced* or else logged as privileged, and no such member shall be withheld from production as a duplicate." *Id*. (emphasis added).  "Hyperlinked files must be produced as separate, attached documents." *Id*. at 13.

Thus, this is not a case like *Nichols v. Noom, Inc.*, 2021 WL 948646 (S.D.N.Y. March 11, 2021), where the defendant refused to treat linked documents as attachments, and the court had to decide whether to order that or not.  Here, StubHub *did* agree to do that, and both sides agree that with a handful of exceptions, it has not lived up to this part of the ESI Protocol.  Neither has StubHub moved to modify that protocol.

Plaintiffs say the scale of this violation is difficult to determine.  Sometimes the link in the email has the word "google" or "sharepoint" or "tableau" in it (e.g., ECF Nos. 184-4, 184-6, 184-8), so a search on Relativity for those terms finds the link, and the absence of the linked document is obvious.  Plaintiffs estimate around 800 emails are of that type.  But other times the email just says "Click here" (e.g., ECF No. 184-18), and Plaintiffs say there is no good way to search for all the missing links like that without reading through the documents.

StubHub's story feels incomplete and improvised.  StubHub says it ran search terms on Google Drive and produced responsive documents to Plaintiffs.  However, StubHub has not preserved the parent-child relationship as the ESI Protocol requires, so this means that Plaintiffs have a bunch of emails and a bunch of documents, but they can't tell what document was linked to what email.  Further, even though the joint discovery letter brief specifically also raises documents stored in Sharepoint and Tableau, StubHub has not searched for responsive documents in those repositories in an effort to find the linked documents.

As for Google Drive, StubHub offers various explanations for why it was hard or impossible to locate the linked documents: Maybe the document was moved to a different place; maybe email encryption methods have changed, rendering the links untraceable. At the hearing on April 25, 2023, StubHub added some more possible problems: Loss of personnel, a change in document systems, the difficulty of versioning in Google documents. But StubHub did acknowledge that for most of the links, it doesn't know the specific reason why it was unable to produce the linked document; it was just offering up possibilities. StubHub offered to meet and confer with Plaintiffs, and if there are any particular emails that Plaintiffs consider important, StubHub could try to find the linked documents.

Let's get back to basics: Litigants should figure out what they are able to do *before* they enter into an agreement to do something. Litigants should live up to their agreements, especially when they are embodied in court orders, as the ESI Protocol is here. And if for some reason, a party learns that a so-ordered discovery agreement has become impossible to comply with, the party should promptly move for relief, with a good showing that despite its best efforts, compliance is impossible. In this case, StubHub has decided to do "none of the above." Its document production is in violation of the ESI Protocol, StubHub hasn't done everything it could, it hasn't moved for relief from the protocol, and it hasn't settled on a clear story for why producing the linked documents can't be done.

The Court concludes the best option is to hold StubHub to its agreement, which Judge Gilliam so-ordered. If StubHub is unable to live up to its agreement, then within 14 days after the deadline to complete document production, StubHub must provide a Rule 30(b)(6) witness with full knowledge of everything StubHub and its vendors did in an attempt to produce linked documents as attachments. After that deposition, Plaintiffs can decide if they have a good sanctions motion or not. This order is without prejudice to StubHub moving to modify the ESI Protocol.

Accordingly, the Court **GRANTS** Plaintiffs' motion to compel and **ORDERS** StubHub to produce its documents in conformity with the technical specifications quoted above concerning linked documents. StubHub must do this by the deadline to complete document production. If

StubHub fails in any respect to do this by the deadline, then the Court **ORDERS** that StubHub must produce for deposition within 14 days after the deadline to complete document production a Rule 30(b)(6) witness with full knowledge of everything StubHub and its vendors did in attempting to produce linked documents as attachments as required by the ESI Protocol.

**IT IS SO ORDERED.**

Dated: April 25, 2023

THOMAS S. HIXSON
United States Magistrate Judge