William P. Donovan, Jr. (SBN 155881)
**MCDERMOTT WILL & EMERY LLP**
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Telephone: (310) 277-4110
Facsimile: (310) 277-4730
wdonovan@mwe.com

Daniel R. Campbell (*pro hac vice*)
Emilie E. O'Toole (*pro hac vice*)
William W. Hameline (*pro hac vice*)
**MCDERMOTT WILL & EMERY LLP**
444 West Lake Street, Suite 4000
Chicago, IL 60606
Telephone: (312) 372-2000
Facsimile: (312) 984-7700
dcampbell@mwe.com
eotoole@mwe.com
whameline@mwe.com

*Counsel for Defendant StubHub, Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE STUBHUB REFUND LITIGATION | Case No. 4:20-md-02951-HSG |
| | **DEFENDANT STUBHUB, INC.'S REPLY IN SUPPORT OF ITS MOTION TO STAY PENDING NINTH CIRCUIT APPEAL** |
| | Judge:        Hon. Haywood S. Gilliam, Jr. |
| | Courtroom:    2 |
| | Hearing Date: August 17, 2023 at 2:00 p.m. PT |

## I. INTRODUCTION

Under the Supreme Court's recent decision in *Coinbase, Inc. v. Bielski*, 143 S.Ct. 1915 (2023), this Court has been divested of jurisdiction over the entirety of this case and the case must therefore be stayed pending the outcome of StubHub's pending appeal before the Ninth Circuit. In opposition to StubHub's motion advising the Court that the case is automatically stayed pursuant to *Coinbase*, Plaintiffs agree that the issues that remain in this Court are "involved in the appeal" because they are "significantly intertwined and seek much of the same results on behalf of the same proposed nationwide class." (Opp. at 9.) Plaintiffs further recognize and agree with StubHub that the case would be forced to proceed, if at all, in this Court in a piecemeal fashion that would hamstring the parties. (*Id.* at 8.) The parties disagree on two primary points: (1) whether this Court has discretion to consider staying the case at all, and (2) whether Plaintiffs should get the benefit of continuing discovery while staying their obligations to file dispositive motions. *Coinbase* resolves both questions in favor of StubHub. First, *Coinbase* holds that this Court does not have discretion to consider staying the case when the entire case is "involved in the appeal" like it is here. Second, Plaintiffs should not get to continue with discovery because that would be inefficient, would result in duplicative discovery efforts, and would hamstring StubHub and require it to defend the case in a piecemeal manner.

Plaintiffs provide two primary reasons for this Court to enter into only a partial stay: (1) StubHub's appeal only implicates the Remaining Plaintiffs' claims and (2) only non-discovery proceedings are complicated by the outcome of the appeal. (*Id.*) But this position fundamentally misinterprets the Supreme Court's holding and reasoning in *Coinbase* and it is otherwise incorrect and based on unsound reasoning. The entirety of the case is "involved in the appeal," including discovery and other pretrial motions and activities. As explained more fully herein, when a case is appealed under Section 16(a) of the FAA, and therefore falls under *Coinbase*, the entire case is essentially "involved in the appeal." Moreover, Plaintiffs concede that the entire case is "involved in the appeal" by arguing that the claims and issues are nearly identical and significantly intertwined. Plaintiffs cannot argue that the claims in the case are significantly intertwined on the one hand and then argue that those significantly intertwined claims are not involved in the appeal on the other.

Proceeding in any aspect of this case would violate *Coinbase* and render any such decisions void. Further, any stay of the litigation at this point in time will be limited, as the Ninth Circuit appeal is fully briefed and set for argument this week. For these reasons, this Court should grant StubHub's motion to stay this case in its entirety pending the outcome of the appeal.

## II.   ARGUMENT

### A.   Under *Coinbase*, the Case Is Automatically Stayed In Its Entirety

This entire case is automatically stayed under the Supreme Court's ruling in *Coinbase*. There, the Supreme Court reversed Ninth Circuit precedent that gave district courts discretion in deciding whether to stay cases pending an appeal under Section 16(a) of the FAA of a denial of a motion to compel arbitration. Here, there is a pending appeal under Section 16(a) of the FAA of this Court's denial of StubHub's motion to compel arbitration. As such, a "district court must stay its pre-trial and trial proceedings while [an] interlocutory appeal" under Section 16(a) "is ongoing." *Coinbase*, 143 S.Ct. at 1918. Because the appeal is under Section 16(a), "the entire case is essentially involved in the appeal." *Id.* at 1920. The net impact of *Coinbase* is that "[a]n appeal, including an interlocutory appeal, 'divests the district court of its control over those aspects of the case involved in the appeal.'" *Id.* at 1919 (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). This case is automatically stayed in its entirety under *Coinbase* and there is no discretion for this Court to exercise as to whether this case is stayed pending the outcome of that appeal. To read *Coinbase* in any other manner violates both its logical underpinnings and its central holding.

In attempting to draw a distinction between this case and *Coinbase*, Plaintiffs argue that these district court proceedings are not "involved in the appeal" because, so says Plaintiffs, some of the case proceeds in this Court regardless of what happens in the appeal. (Opp. at 5–6.) But that is wrong. If the Ninth Circuit sides with StubHub on the merits, only the Remaining Plaintiffs that have not been compelled to arbitration will be compelled to arbitration. Additionally, StubHub raised arguments and briefed issues on appeal related to whether the California statutory causes of action must also be compelled to arbitration. If StubHub is successful on that *McGill/Hodges* argument, that will impact the ongoing viability of any causes of action remaining in this Court. In other words, if

StubHub succeeds on its appeal, the entire case and all causes of action should be arbitrated, and any carve-out related to the so-called website user Plaintiffs would not be permitted to stand.

Thus, contrary to Plaintiffs' assertions, the entirety of the case is "involved in the appeal" and is automatically stayed pending the outcome of the appeal. (Opp. at 5–6.) Plaintiffs' attempts to slice and dice what is involved in the appeal is inconsistent with both Supreme Court and appellate court precedent. Repeatedly, appellate courts have concluded that an entire case, including discovery, is "involved in the appeal," even in instances where certain claims or parties may not ultimately be subject to arbitration. In *Levin v. Alms and Assocs., Inc.*, 634 F.3d 260 (4th Cir. 2011), the court stayed the entirety of the case pending the outcome of the appeal of a denial of a motion to compel arbitration where arbitration had been denied only as to claims regarding conduct occurring before 2007 by the district court. *Id.* at 262–66. As a result of this initial order, the district court had allowed discovery as to the pre-2007 claims to proceed while staying the rest of the case. *Id.* at 262. The Fourth Circuit rejected this piecemeal approach to the stay and adopted the majority approach that the district court is fully divested of jurisdiction when an appeal is pending, noting:

> The core subject of an arbitrability appeal is the challenged continuation of proceedings before the district court on the underlying claims. Therefore, because the district court lacks jurisdiction over "those aspects of the case involved in the appeal," **it must necessarily lack jurisdiction over the continuation of any proceedings relating to the claims at issue**. *Griggs,* 459 U.S. at 58, 103 S.Ct. 400. **That the present case involves only the continuation of discovery does not change that rationale. Discovery is a vital part of the litigation process and permitting discovery constitutes permitting the continuation of the litigation, over which the district court lacks jurisdiction.** *See Bradford–Scott,* 128 F.3d at 506 ("[P]reparation for trial must be suspended until the court of appeals renders a decision."). Furthermore, allowing discovery to proceed would cut against the efficiency and cost-saving purposes of arbitration. *See id.* at 506; *Blinco,* 366 F.3d at 1251 ("[T]he principal benefits of arbitration, avoiding the high costs and time involved in judicial dispute resolution, [are] lost if the case proceeds in both judicial and arbitral forums."). Also, allowing discovery to proceed could alter the nature of the dispute significantly by requiring parties to disclose sensitive information that could have a bearing on the resolution of the matter. **If we later hold that the claims were indeed subject to mandatory arbitration, the parties will not be able to unring any bell rung by discovery, and they will be forced to endure the consequences of litigation discovery in the arbitration process**.

*Id.* at 264–65 (emphasis added); *see also McCauley v. Halliburton Energy Servs.*, 413 F.3d 1158, 1162 (10th Cir. 2005) (concluding an appeal of a denial of arbitration divests the district court of

jurisdiction while an appeal is pending because "the failure to grant a stay pending [the] appeal results in a denial or impairment of the appellant's ability to obtain its legal entitlement to avoidance of litigation"); *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004) (noting, "the underlying reasons for allowing immediate appeal of a denial of a motion to compel arbitration are inconsistent with continuation of proceedings in the district court . . . "). The Fourth Circuit ultimately held, "that an appeal on the issue of arbitrability automatically divests the district court of jurisdiction over the underlying claims and requires a stay of the action, unless the district court certifies the appeal as frivolous or forfeited." *Levin*, 634 F.3d at 266. The only way appellate courts have found for a district court to regain jurisdiction in comparable circumstances is by "tak[ing] the affirmative step of certifying the appeal as frivolous or forfeited . . . ." *See Stewart v. Donges*, 915 F.2d 572, 577 (10th Cir. 1990).

Moreover, in *Mariam Davitashvili, et al. v. Grubhub Inc., et al.*, the district court stayed the entirety of the district court proceedings even where the appeal of the denial of the motion to compel arbitration under Section 16(a) related to only five of the eight named Plaintiffs in the case. 20-cv-03000, Dkt. No. 126, (LAK) (S.D.N.Y. June 30, 2023).[1] There, defendants' motion to compel arbitration had only been denied as to five out of eight plaintiffs. *Davitashivili v. GrubHub, Inc.*, 2023 WL 2537777, at *1 (S.D.N.Y. Mar. 16, 2023). In *Grubhub*, the court stayed the case because the issues of the five plaintiffs on appeal and their similarity with the other remaining plaintiffs made the entire case essentially involved in the appeal. Dkt. No. 126, at 1. The order reflects that all of the plaintiffs subject to the appeal and all of the remaining plaintiffs asserted the same allegations in support of the same claims and requests for relief. *Id.* Plaintiffs here admit that the same similarity that existed in *GrubHub* exists in this case. (Opp. at 9 ("[T]he legal theories of both sets of claims, while not identical, are nevertheless significantly intertwined and seek much of the same results on behalf of the same proposed nationwide class."). The *GrubHub* court agreed with the parties that

---

[1] While the parties in this case jointly notified the court that the case was automatically stayed, the same reasoning cited in this case was cited in the joint motion to that court—namely the lower court was divested of jurisdiction, the entire case was involved in the appeal, and proceeding in a piecemeal fashion would be inefficient. StubHub did not cite this case in its opening motion because the order staying the case did not issue until after StubHub filed its motion.

continuing in the case would be duplicative and inefficient in discovery, third-party discovery, expert discovery, and in class certification briefing. *GrubHub*, Dkt. No. 126, at 1. The same is true in this case. Specifically, Plaintiffs here have raised their inability to proceed to class certification as to certain class representatives as a key reason for the partial stay they propose pursuant to *Coinbase*. (Opp. at 9.) Plaintiffs concede that proceeding in such a manner on class certification would "introduce significant inefficiencies" into the case. (*Id.*) Yet Plaintiffs put forward no good faith reasoning as to why a stay of the entire is inappropriate, in light of inefficiencies that would likewise be introduced by continuing with discovery and other pre-trial proceedings in the case absent a decision on the appeal.

Even in *Bradford-Scott Data Corp. v. Phys. Comp. Network*, 128 F.3d 504 (7th Cir. 1997), a case on which Plaintiffs rely (Opp. at 5–6), the Seventh Circuit agreed that discovery against those defendants seeking "the benefit of their arbitration agreements" should not proceed. 128 F.3d at 506–07. While the Seventh Circuit noted it was up to the district court judge to determine if discovery could "sensibly proceed" in light of the appeal, *Coinbase* has taken away any such discretion a district court might have in so determining whether this is appropriate. *See Coinbase*, 143 S.Ct. at 1921 ("A right to interlocutory appeal of the arbitrability issue without an automatic stay of the district court proceedings is therefore like a lock without a key, a bat without a ball, a computer without a keyboard—in other words, not especially sensible.").

Plaintiffs argue that even if StubHub is successful in its entirety on the appeal, the California statutory claims of the so-called "Website Plaintiffs" would still proceed before this Court. (Opp. at 4 n.2.) That is not correct. While the appeal certainly does relate to the claims of the so-called Remaining Plaintiffs, there is a possibility the scope of the Ninth Circuit ruling could (if StubHub succeeds on its argument about the *McGill* issue) result in the issuance a mandate which could impact the arbitrability of the claims of the "Website Plaintiffs." As such, all Plaintiffs could be potentially impacted by the Ninth Circuit ruling and the entire case is "involved in the appeal" under *Coinbase* for this additional reason.

As mentioned above, Plaintiffs concede that the facts underlying the California statutory claims before this Court are "intertwined with the facts underlying the claims implicated on appeal,

making the bifurcation of discovery related to each set of claims practically infeasible and prone to inefficiency." (Opp. at 8 n.3.) Plaintiffs offer no explanation as to how this significant intertwining can be unwound for discovery purposes but not for class certification purposes.[2] Agreeing with Plaintiffs here risks re-doing party, third-party, and expert discovery after the Ninth Circuit issues its mandate—that is inefficient and a waste of judicial and party resources. If the case proceeds, Plaintiffs will inevitably argue to re-open discovery if they win the appeal because they could not take discovery on the stayed portion of the case. The only sensible solution here is to follow *Coinbase* and stay the entire case pending the outcome of the appeal.

Because fundamentally the entirety of the case is involved in StubHub's appeal, the case should be stayed in its entirety pending the outcome of the appeal.

**B.     Any Stay of the Case Would Be Short-Lived and Would Not Prejudice Plaintiffs**

Resolution of StubHub's appeal is likely to occur before the end of the year. The appeal is fully briefed. The oral argument is scheduled to take place tomorrow, July 19, 2023, at which point the appeal will be fully submitted for consideration by the Ninth Circuit. Therefore, any stay of the case pending the outcome of the appeal will only encompass the time it takes for the Ninth Circuit to issue its decision on the appeal. When asked last week by this Court how a one-month delay of discovery motions while this Court resolved the motion to stay would prejudice Plaintiffs, Plaintiffs' counsel could muster no prejudice other than repeatedly stating that the discovery issues were important. The fact of the matter is that there is no prejudice or harm to Plaintiffs in a short stay while the appeal is resolved, but the harm and prejudice to StubHub by failing to stay the case would be incredibly wasteful, costly, and would result in duplicative and inefficient party, third-party, and expert discovery. Following *Coinbase* and automatically staying the entire case for this short period of time comports with the logical underpinnings and key holding of the Supreme Court. Failing to honor the automatic stay of this case pending resolution of the appeal risks any interim orders or

---

[2] Plaintiffs cite to *Weissblatt v. Apple, Inc.*, 2010 WL 4071147 (N.D. Cal. Oct. 18, 2010), as an example of a Ninth Circuit court that allowed discovery to proceed while other parts of the case were stayed. (Opp. at 10.) Unlike here, however, *Weissblatt* involved claims and a defendant that were not indispensable and could be separated without creating "a chaotic state of affairs." *Id.* at *4. And even in separating certain defendants and claims, the *Weissblatt* court still significantly limited the scope of discovery permitted while the appeal was pending. *Id.*

decisions being void for lack of jurisdiction—a problem that does not help Plaintiffs or StubHub in advancing this case. Principles of judicial economy and efficiency therefore favor a stay, and Plaintiffs will not be prejudiced by a short delay, nor have they claimed to be.

## IV. CONCLUSION

For the reasons above and set forth in StubHub's opening brief, this Court should stay these proceedings in their entirety until the resolution of the appeal on the Motion to Compel Arbitration noticed in ECF No. 111.

Dated: July 18, 2023            Respectfully submitted,

*/s/ William P. Donovan, Jr.*
William P. Donovan, Jr. (SBN 155881)
MCDERMOTT WILL & EMERY LLP
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Tel: (310) 277-4111
Fax: (310) 277-4730
wdonovan@mwe.com

Daniel R. Campbell (*pro hac vice*)
Emilie E. O'Toole (*pro hac vice*)
William W. Hameline (*pro hac vice*)
MCDERMOTT WILL & EMERY LLP
444 West Lake Street
Suite 4000
Chicago, IL 60606
Telephone: (312) 372-2000
Facsimile: (312) 984-7700
dcampbell@mwe.com
eotoole@mwe.com
whameline@mwe.com

*Counsel for Defendant StubHub, Inc.*