UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: STUBHUB REFUND LITIGATION<br><br>This Document Relates to All Cases | Case No. 20-md-02951-HSG<br><br>**ORDER GRANTING MOTION TO STAY**<br><br>Re: Dkt. No. 214 |

    Pending before the Court is Defendant's motion to stay the case pending resolution of its Ninth Circuit appeal regarding the Court's order granting in part and denying in part Defendant's motion to compel arbitration. *See* Dkt. No. 214. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

    On August 9, 2023, the Ninth Circuit issued a memorandum disposition. Dkt. No. 227. The Ninth Circuit concluded that it lacked jurisdiction to address the Court's denial, based on *McGill v. Citibank, N.A.*, 2 Cal. 5th 945 (2017), of StubHub's motion to compel Plaintiffs' California statutory claims to arbitration, but that five of the eight mobile users received sufficient notice of their agreement to arbitrate any disputes. *Id.* The decision, however, will not become final and the mandate will not issue until seven days after the time to seek panel rehearing or rehearing en banc has lapsed.

    In its motion to stay, Defendant urges that the entire case is automatically stayed based on the recent decision in *Coinbase, Inc. v. Bielski*, 143 S.Ct. 1915 (2023). But the Court need not reach this issue. Given the relatively short period of time before the mandate will issue and the likely impact the Ninth Circuit's decision (once finalized) will have on this case, the Court finds that a brief stay is appropriate regardless, and will not prejudice Plaintiffs. The Court therefore

1   **GRANTS** the motion to stay.  The case is **STAYED** pending issuance of the mandate by the
2   Ninth Circuit, unless otherwise ordered.  The Court will set a case management conference once
3   the mandate issues to discuss how to move this case forward efficiently.  The Court continues to
4   hold the discovery motions, Dkt. Nos. 202 and 203, as well as the scheduling of a Rule 30(b)(6)
5   deposition, in abeyance.

6       **IT IS SO ORDERED.**

7   Dated:   8/10/2023

                            HAYWOOD S. GILLIAM, JR.
                            United States District Judge