UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE STUBHUB REFUND LITIGATION | Case No. 20-md-02951-HSG (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. Nos. 253, 259 |

The parties have a discovery dispute concerning StubHub's clawback of STUBHUB0211308-10, a document that it contends is attorney-client privileged. Federal jurisdiction over this case comes from the diversity of the parties, *see* ECF No. 36 (Amended Complaint) ¶ 16, so state law supplies the rule of decision, and therefore the state law of privilege applies. *See* Fed. R. Evid. 501. The Court will assume that California's law of privilege is the one that applies, given Plaintiff's allegation that "[t]he State of California has sufficient contacts to class members' claims such that uniform application of California law to those claims is appropriate." *Id*. ¶ 112.

The California law of privilege protects "a confidential communication between client and lawyer," Cal. Evid. Code § 954. A "confidential communication between client and lawyer" means "information transmitted between a client and his or her lawyer in the course of that relationship and in confidence by a means which, so far as the client is aware, discloses the information to no third persons other than those who are present to further the interest of the client in the consultation or those to whom disclosure is reasonably necessary for the transmission of the information or the accomplishment of the purpose for which the lawyer is consulted, and includes a legal opinion formed and the advice given by the lawyer in the course of that relationship." Cal.

Evid. Code § 952.

"[T]he privilege is not applicable when the attorney . . . is providing business advice; in that case, the relationship between the parties to the communication is not one of attorney-client." *Costco Wholesale Corp. v. Superior Court*, 47 Cal. 4th 725, 735 (2009); *see also League of California Cities v. Superior Court*, 241 Cal. App. 4th 976, 989 (2015) ("Stated differently, the attorney-client privilege attaches only if the information is transmitted in the course of the attorney-client relationship" and "is not applicable when the attorney . . . is providing business advice.") (cleaned up).

The email at issue is a recommendation by Jill Krimmel (General Manager), Akshay Khanna (General Manager), Jocelyn Hall (Global Director Customer Operations), and Stephanie Burns (StubHub's General Counsel at the time), asking "SSC and Greg" to make two decisions. The only portion of the email that concerns legal advice, and which StubHub may redact, is the sentence that begins "Stephanie has . . ." The rest of the email is business advice, not legal advice. The inclusion of Burns in a group recommendation that comes mostly from non-lawyers and that contains one sentence of legal advice does not render the remaining information privileged. Accordingly, the Court **ORDERS** StubHub to produce this document to Plaintiffs with that one sentence redacted.[1]

**IT IS SO ORDERED.**

Dated: April 3, 2024

THOMAS S. HIXSON
United States Magistrate Judge

---

[1] The remaining relief requested by Plaintiffs is unnecessary to resolve this clawback dispute and is **DENIED** without prejudice. The motion to seal at ECF No. 253 is **GRANTED**.