UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: STUBHUG REFUND LITIGATION

This Document Relates to All Cases

Case No.  20-md-02951-HSG

**ORDER DENYING PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**

Re: Dkt. No. 311

Pending before the Court is Plaintiffs' administrative motion to consider whether to seal portions of Plaintiffs' unredacted Memorandum in support of their opposition (*see* Dkt. No. 311-2) to Defendant StubHub, Inc.'s ("StubHub") Motion for Summary Judgment (Dkt. No. 291), as well as the entirety of 28 exhibits filed with Plaintiffs' opposition.  Dkt. No. 311.  For the reasons set forth below, the Court **DENIES** the motion to seal.

I.    **LEGAL STANDARD**

Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosures.  *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana v. City & Cty of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)).  "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'"  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178).  "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted).  To overcome this strong presumption, the

party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted).

What constitutes a "compelling reason" is "best left to the sound discretion of the trial court." *Ctr. for Auto Safety*, 809 F.3d at 1097 (citing *Nixon*, 435 U.S. at 599). However, "[i]n general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon,* 435 U.S. at 598). The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Civil Local Rule 79-5 supplements the "compelling reasons" standard. The party seeking to file under seal must submit "a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . . The request must be narrowly tailored to seek sealing only of sealable material . . . ." Civil L.R. 79-5(b). Courts have found that "confidential business information" in the form of "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" satisfies the "compelling reasons" standard. *See In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing such information "prevent[ed] competitors from gaining insight into the parties' business model and strategy"); *Finisar Corp. v. Nistica, Inc.*, No. 13-cv-03345-BLF (JSC), 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015).

## II.    DISCUSSION

Because the sealing motion relates to Plaintiffs' opposition to StubHub's dispositive motion for summary judgment, which is more than tangentially related to the merits of the case, the instant motion is governed by the compelling reasons standard.  *Ctr. for Auto Safety*, 809 F.3d at 1099.  All the information and exhibits sought to be sealed have been designated as confidential by StubHub.  Declaration of Bradley K. King ("King Decl.") (Dkt. No. 311-1), ¶ 2.  As such, StubHub has filed its statement and declaration in support of Plaintiffs' motion to seal.  Defendant StubHub's Statement in support of Plaintiffs' Administrative Motion to File Under Seal Material Designated as Confidential (Dkt. No. 314); Declaration of William P. Donovan ("Donovan Decl.") (Dkt. No. 314-1).  The Court finds that StubHub has not articulated compelling reasons to seal the information and exhibits sought to be sealed.

StubHub proffers three reasons for sealing portions of Plaintiffs' unredacted Memorandum and the entirety of 28 exhibits attached to that Memorandum.  *See* Dkt. No. 314 at 3.  First, StubHub argues that disclosure of its internal notes and communications regarding the company's strategy for modifying its event cancellation policy in response to COVID-19 "could result in improper use by business competitors seeking to replicate [StubHub's] business practices and circumvent the time and resources necessary in developing their own practices and strategies."  *Id.* (citing *Algarin v. Maybelline, LLC*, 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014)).  Second, Exhibits 33, 36, and 40 contain identifying customer information.  *Id.* (citing *In re Google Location Hist. Litig.*, 514 F. Supp. 3d 1147, 1162 (N.D. Cal. 2021)).  Third, the unredacted Memorandum "contains information reflecting internal business discussions at StubHub that are subject to the same strategic and reputational concerns as the Exhibits."  In short, StubHub emphasizes that "[p]ublic access to these documents would divulge information critical to StubHub's operations that would hurt StubHub's professional reputation and competitive standing in the market for customers and third-party event and ticketing partners."  Dkt. No. 314 at 3.

StubHub has not met the high standard for sealing these documents.  Specifically, StubHub fails to adequately articulate the injury that will result if sealing is denied, Civ. L.R. 79-5(c)(1)(ii), and does not articulate at all why a less restrictive alternative to sealing entire exhibits would not

3

be sufficient, Civ. L.R. 79-5(c)(1)(iii).  StubHub did not provide a proposed order narrowly tailored to seal only legitimately sealable material, such as personally identifiable information of StubHub users.  More importantly, StubHub's argument that disclosure of its internal business communications related to its strategy for modifying its event cancellation policy in response to COVID-19 could result in competitors replicating StubHub's business practices without needing to expend effort or resources is not well taken.  There is little reason to anticipate ongoing business harm from disclosure of StubHub's past business strategy when this case concerns StubHub's event cancellation policy in 2020 and 2021.  And this is especially true given that StubHub already agreed to provide over $16 million in cash refunds to over 75,000 users.  Dkt. No. 310 at 12, 12 n. 28.  Moreover, to the extent StubHub's basis for sealing is grounded in "reputational concerns," the Ninth Circuit has held that "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."  *Ctr. for Auto Safety*, 809 F.3d at 1179.

Nor are StubHub's specific bases for sealing each document helpful.  StubHub repeats that plaintiffs' unredacted Memorandum and each exhibit, with the exception of the three that contain identifying information regarding a StubHub customer, "[c]ontains and discusses information designated Confidential pursuant to the Stipulated Protective Order as it contains information related to StubHub's internal business decision making."  *See* Donovan Decl., Ex. A (Dkt. No. 314-1).

## III.    CONCLUSION

The Court **DENIES** Plaintiff's administrative motion to seal its unredacted Memorandum (Dkt. No. 311-2) and Exhibits 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 34, 35, 37, 41 to the Memorandum.  The Court **DENIES** without prejudice Plaintiff's administrative motion to seal Exhibits 33, 36, and 40 to the Memorandum.  Within seven (7) days of the date of this order, the parties shall, after meeting and conferring, file a chart identifying by document name, sealed Docket number, and page and line/paragraph number *only* the exact personally identifiable information of StubHub's users the parties seek to maintain under seal.  Exhibits 33, 36, and 40 will remain conditionally under seal until the Court makes a final ruling on

United States District Court
Northern District of California

sealing after reviewing the chart. At that time, the parties will be directed to e-file redacted documents that redact only the information the Court determines may remain under seal.

**IT IS SO ORDERED.**

Dated:    2/5/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

5